## JONES v. GRIFFITH.

### No. 1692.

Court of Civil Appeals of Texas. Eastland.

Oct. 1, 1937.

A. K. Doss and Ben L. Cox, both of Abilene, for appellant.

Lee R. York, of Abilene, for appellee.

FUNDERBURK, Justice.

·After H. E. Jones had been appointed guardian of W. M. Jones, non compos mentis, I. A. Griffith' brought suit in district court against W. M. Jones and H. E. Jones, as his guardian, and against Susie Helen Kate Jones, wife of W. M. Jones, and T. O. Massey, receiver in another suit, to which said guardian and Susie Helen Kate Jones were parties, to. recover upon a note given by said W. M. Jones and Susie Helen Kate Jones and to foreclose a deed of trust lien securing said note. Plaintiff recovered judgment for the debt; foreclosure of the lien and for order of sale of the property. The judgment recited that the parties in open court agreed that "the court should enter" the judgment ·that was rendered and entered. No appeal or writ of error was prosecuted by any party from . said judgment. After order of sale was issued, H. E. Jones, guardian, brought an injunction action as the result of which certain credits were established against the original amount of said judgment, and the sale of the property under order of. the district court, was permanently restrained.

Griffith then filed an application in the guardianship proceeding in the county court to have the guardian sell the interest of his ward, W. M. Jones, in the property upon which the deed of trust lien had been foreclosed and to apply the proceeds upon said judgment. The application was granted, and such interest ordered to be sold. Upon appeal of the guardian from said order, to the district court, a like judgment was rendered with direction that it be certified back to the probate court for administration. From the last-named judgment this appeal is prosecuted by the guardian, H. E. Jones.

Appellant's first contention is, in effect, that said district court judgment is void because the claim represented by the note had never been presented to the guardian for approval or rejection, and had never been rejected or approved. Clearly this is a defense which should have been interposed in the district court suit. To urge it here would constitute a collateral attack upon the judgment in that court. That judgment does not show that the claim was not, prior to the suit, duly presented for approval, or was not rejected. It is, therefore, not subject to collateral attack, the subject matter of the suit being clearly within the court's general jurisdiction. A rule has long been recognized which "precludes inquiry by evidence aliunde the record in a collateral attack upon a judgment of a domestic court of general jurisdiction, regular on its face, into any fact which the court rendering such judgment must have passed upon in proceeding to its rendition." Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325, 328.

By his next proposition appellant challenges the validity of the district court judgment, and the present action based thereon, upon the further ground that the judgment shows on its face to be an agreed and compromised judgment and (to quote from the proposition), "there being no record of any written agreement and no record of any oral agreement and said agreement not having been approved by the county court." From the brief it appears that the point sought to be made is that the guardian was not shown to have had authority to compromise a claim against the estate of his ward under the provisions of article 3430, R.S.1925 (as amended by Acts 1935, c. 277, § 1 [Ver-non's Ann.Civ.St. art. 3430]), requiring that compromises be authorized by orders of the probate court. More than one reason, in our opinion, requires us to overrule this proposition. In the first place, this attack upon the judgment of the district court is, as already stated, a collateral attack. The record does not affirmatively show that the guardian was not duly authorized to enter into the agreement. In the absence of such showing, if such authority was necessary, it will be presumed. In the next place, agreement to the terms of the judgment does not necessarily show a compromise. The evidence suggests the probability that there was no available defense and that by the agreement the guardian, while surrendering no right, at the same time procured a stay of execution of the judgment until the final termination of a then pending suit to determine ownership of the property covered by the lien.

Appellant's next and third proposition is also believed to be untenable. It is thereby asserted that, the claim sued on in the district court being a claim against the estate of W. M. Jones while it was being administered in the probate court, the judgment was void and the present action based upon the same is likewise void because the judgment did not direct that same be certified to the probate court for administration, but, on the contrary, provided for a sale of the property. If it should be granted that the judgment was erroneous in that respect, it would not follow that it was thereby rendered subject to collateral attack.

Besides, without setting aside other parts of the judgment, the provision here insisted upon as rendering the judgment void was, in practical effect, eliminated in the subsequent injunction proceeding.

The fourth and last proposition seems to assert that there was no evidence to sustain the order or judgment here under review, and for that reason the judgment is void and without force and effect. Accompanying the transcript, as a part of the record in the case, is a statement of facts consisting of 46 pages. It certainly does show that evidence was introduced upon the trial. We cannot regard the proposition, nor the assignment of error upon which it is based, as sufficient to present any question regarding the lack of evidence or insufficiency of the

evidence in any particular respect to support the judgment. The assignment of error does not identify by pointing out any such ground of error.

Being of the opinion that the judgment should be affirmed, it is accordingly so ordered.