**Affirmed and Opinion filed August 1, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00263-CV

### RON POUNDS, Appellant

### V.

### LIBERTY LLOYDS OF TEXAS INSURANCE COMPANY, Appellee

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2014-53921**

## O P I N I O N

This case concerns whether an insurer waived appraisal of a homeowner's insurance claim by denying it and, if not, whether an appraisal award supported summary judgment against the owner's contractual and extra-contractual claims. Appellant Ron Pounds purchased a home insurance policy from appellee Liberty Lloyds of Texas Insurance Company. Pounds submitted a claim for storm damage, which Liberty Lloyds denied on the ground that "no storm related damages were

found." Pounds then sued Liberty Lloyds. When the parties were unable to resolve their dispute at mediation, Liberty Lloyds invoked its right to an appraisal under the policy. Pounds resisted appraisal, and the trial court granted Liberty Lloyds's motion to compel. The appraisers eventually agreed that Pounds's home had experienced covered damage as a result of the storm and agreed on the amount of the loss. Liberty Lloyds moved for summary judgment on Pounds's claims, which the trial court granted.

Pounds raises three issues on appeal. In his first issue, he argues that the trial court erred in compelling appraisal because Liberty Lloyds waived its right to appraisal by initially denying his claim. We overrule this issue because (a) Pounds failed to establish that Liberty Lloyds's denial, standing alone, was a knowing waiver of the right to an appraisal; and (b) Pounds failed to establish that he was prejudiced as a result of Liberty Lloyds' initial denial of his claim.

Pounds argues in his second and third issues that the trial court erred in granting Liberty Lloyds's motion for summary judgment on his breach-of-contract claim and extra-contractual claims. We overrule both issues because Liberty Lloyds established as a matter of law that it did not breach the insurance contract, which, under the facts of this case, also defeats Pounds's extra-contractual claims. We therefore affirm the trial court's final judgment.

## BACKGROUND

The facts in this case are undisputed. Pounds purchased a home insurance policy from Liberty Lloyds. The policy covered damage to property caused by wind and/or hail. The policy provided that Liberty Lloyds would "pay no more than the actual cash value of the damage until actual repair or replacement is complete." The policy also set the deductible for damage caused by wind or hail at $9,620.00.

2

The policy included an appraisal provision:

E.     Appraisal

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss. . . .

The policy did not set a time limit for invoking appraisal. The policy also provided that "a waiver or change of a provision of this policy must be in writing by [Liberty Lloyds] to be valid."

On August 8, 2014, Pounds made a claim under the policy, alleging that a wind and hail storm had caused damage to his property. An adjuster inspected the property on August 14, 2014, and determined that there was no storm-related damage. Liberty Lloyds sent a letter to Pounds two days later denying the claim because "no storm related damages were found." The letter concluded by informing Pounds that if he had any questions or concerns about his claim, he could contact Liberty Lloyds's claims representative by phone or email.

Pounds responded to the denial letter by suing Liberty Lloyds. Pounds asserted claims for breach of contract and violations of the Prompt Payment of Claims statute, the Texas Insurance Code, and the Deceptive Trade Practices Act. Liberty Lloyds answered, stating (among other things) that it did not waive, and expressly reserved, its right under the policy to demand an appraisal to determine the actual cash value of Pounds's property damage claims. In a November 17, 2014

3

letter, Liberty Lloyds informed Pounds that "nothing herein should be considered a waiver of Liberty Lloyds's right to invoke appraisal in this matter." The parties unsuccessfully mediated the case in March 2015.

After the unsuccessful mediation, Liberty Lloyds invoked the policy's appraisal clause to determine the amount of the loss. When Pounds refused to designate his appraiser, Liberty Lloyds filed a motion to compel appraisal. In response, Pounds argued that Liberty Lloyds had waived appraisal solely as a result of the initial denial of his claim. The trial court granted Liberty Lloyds's motion and ordered an appraisal of the property.

Following an inspection of Pounds's property, the appraisers agreed on the amount of the loss. The appraisers determined that the Replacement Cost Value was $15,161.73. They then applied $5,642.73 to depreciation and determined that the Actual Cash Value of Pounds's loss was $9,519.00. Because the appraisers determined that the Actual Cash Value of Pounds's loss was below the $9,620 policy deductible for wind and hail damage, Liberty Lloyds moved for summary judgment on all of Pounds's claims. The trial court granted the motion and signed a final judgment in favor of Liberty Lloyds. This appeal followed.

## ANALYSIS

### I. The trial court did not abuse its discretion when it compelled appraisal.

Pounds contends in his first issue that the trial court abused its discretion by granting Liberty Lloyds's motion to compel appraisal, arguing that Liberty Lloyds waived appraisal by denying his claim. As the party challenging appraisal, Pounds bore the burden to establish waiver by Liberty Lloyds. *In re State Farm Lloyds*, 170 S.W.3d 629, 634 (Tex. App.—El Paso 2005, orig. proceeding). We review a trial court's ruling on a motion to compel an appraisal for an abuse of discretion. *See In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 559 (Tex. App.—Houston [14th

4

Dist.] 2010, orig. proceeding).

Appraisal clauses are "commonly found in homeowners, automobile, and property policies," and they "provide a means to resolve disputes about the amount of loss for a covered claim." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 406–07 (Tex. 2011) (citing *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009)). Appraisal clauses are generally enforceable, barring illegality or waiver. *Id.* at 407. This remains true even when an insurer denies coverage, as the "appraisers can still set the amount of loss in case the insurer turns out to be wrong." *Johnson*, 290 S.W.3d at 894.

Waiver of a contractual right may be express or implied from conduct. *G.T. Leach Builders, Inc. v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015). To waive rights under an appraisal clause, a party "must intend to relinquish a known right or engage in intentional conduct inconsistent with claiming that right." *In re State Farm Lloyds*, 514 S.W.3d 789, 793 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (citing *In re Universal Underwriters*, 345 S.W.3d at 407).

A different panel of this Court recently addressed a similar waiver argument. *See id.* at 793–95. After reviewing cases from the Supreme Court of Texas and courts of appeals addressing waiver of insurance appraisals, including many of the same cases cited by Pounds, we concluded that "[d]enial of an insured's claim does not, by itself and in all circumstances, always constitute an 'intentional relinquishment' of the insurer's rights under the policy's appraisal provision; nor does it constitute 'intentional conduct inconsistent with claiming' these appraisal rights." *Id.* at 794. We explained that, "in deciding whether an insurer waived its right to invoke an appraisal clause, [a court] . . . must consider [not only the denial but also] the policy's language and the surrounding circumstances to determine whether the insurer intentionally relinquished its appraisal rights or engaged in

5

intentional conduct inconsistent with claiming these rights." *Id.*

Applying this test, we hold Pounds has not demonstrated that Liberty Lloyds waived its right to invoke appraisal. The policy guards against implied waiver by providing that "a waiver or change of a provision of this policy must be in writing by [Liberty Lloyds] to be valid." The denial letter itself does not mention appraisal, and Pounds has not pointed to any other indication in the record that Liberty Lloyds expressly waived the appraisal provision in writing.[1] Further, although Liberty Lloyds explained in the letter that it was denying Pounds's claim because "no storm related damages were found," it also invited Pounds to contact the claims representative if he had any questions or concerns about his claim. This indicates an impasse had not been reached, as Liberty Lloyds was not foreclosing further negotiation on Pounds's claim.[2] Finally, when Pounds filed suit, Liberty Lloyds reserved its appraisal rights in its answer and also in correspondence sent during the course of the litigation.[3]

Yet even if an intent to forgo appraisal under the policy could be implied from

---

[1] *See In re State Farm Lloyds*, 514 S.W.3d at 794–95 (considering lack of evidence of written waiver of appraisal in waiver analysis); *In re Liberty Ins. Corp.*, 496 S.W.3d 229, 235 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (same); *In re Slavonic*, 308 S.W.3d at 561 (considering policy's anti-waiver provision in waiver analysis).

[2] *See In re Universal Underwriters*, 345 S.W.3d at 408–10 (stating appraisal must be invoked within reasonable time after impasse reached, defined as point at which parties have mutual understanding neither will negotiate further); *In re Public Service Mut. Ins. Co.*, No. 03-13-0003-CV, 2013 WL 692441, at *6 (Tex. App.—Austin Feb. 21, 2013, orig. proceeding) (mem. op.) (considering invitation to insured to submit further information on denied claim in waiver analysis).

[3] *See In re Liberty Ins. Corp.*, 496 S.W.3d at 234 (considering reservation of appraisal rights in answer and correspondence in determining that insurer did not waive appraisal); *In re Ooida Risk Retention Grp., Inc.*, 475 S.W.3d 905, 912 (Tex. App.—Fort Worth 2015, orig. proceeding) (rejecting waiver argument based in part on contention that insured filing suit signaled impasse in negotiations between insured and insurer); *In re Public Service Mut. Ins. Co.*, 2013 WL 692441, at *5 (considering ongoing negotiations regarding claim in rejecting waiver by delay argument).

the denial letter, Pounds must also show prejudice to establish waiver. *See In re Universal Underwriters*, 345 S.W.3d at 411–12. Pounds argues he is not required to show prejudice because *In re Universal Underwriters* involved allegations of waiver by delay, not waiver as a result of the denial of a claim. *See id.* But denial of a claim and delay in invoking appraisal are simply circumstances to consider in determining whether the insurer impliedly waived its appraisal right through inconsistent conduct, not distinct types of waiver. *Trelltex, Inc. v. Intecx, L.L.C.*, 494 S.W.3d 781, 790 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("Waiver is largely a matter of intent, and for implied waiver to be found through a party's conduct, intent must be clearly demonstrated by the surrounding facts and circumstances."). Accordingly, the distinction proposed by Pounds does not provide a legal basis to excuse him from showing prejudice. *See In re Universal Underwriters*, 345 S.W.3d at 412 ("Our failure to explicitly require prejudice is more a function of the paucity of cases in which we have addressed waiver of appraisal than its applicability to the doctrine.").[4]

The Supreme Court of Texas has observed that "it is difficult to see how prejudice could ever be shown when the policy, like the one here, gives both sides the same opportunity to demand appraisal. If a party senses that impasse has been reached, it can avoid prejudice by demanding an appraisal itself." *Id.* at 412. As in *Universal Underwriters*, the policy here gave both parties the ability to invoke appraisal to resolve a dispute over the amount of loss. Once Liberty Lloyds denied

---

[4] *See also In re Ooida Risk Retention Grp.*, 475 S.W.3d at 912 (requiring prejudice showing in automobile insurance case alleging waiver of appraisal resulting from insurance company's destruction of insured vehicle); *In re Cypress Tex. Lloyds*, 419 S.W.3d 443, 445 (Tex. App.—Beaumont 2012, mand. denied) ("Where the insurance policy provides for an appraisal process, compliance is excused only if the party resisting the appraisal can show prejudice."); *cf. In re Universal Underwriters*, 345 S.W.3d at 411 (noting other similar contexts in which supreme court has required a showing of prejudice to establish waiver).

Pounds's claim, rather than invoke appraisal, he filed suit. We conclude Pounds has not established that he was prejudiced by Liberty Lloyds's demand for appraisal. *In re Century Surety Co.*, No. 07-15-00386-CV, 2015 WL 6689532, at *4 (Tex. App.—Amarillo Nov. 2, 2015, orig. proceeding) (mem. op.); *In re Cypress Tex. Lloyds*, 419 S.W.3d at 445.

For these reasons, the trial court did not abuse its discretion when it compelled appraisal. We overrule Pounds's first issue on appeal.

## II. The trial court did not err in granting Liberty Lloyds's motion for summary judgment.

In his second and third issues, Pounds challenges the trial court's granting of Liberty Lloyds's motion for summary judgment on his claim for breach of contract and his extra-contractual claims. We address these issues together.

### A. Standard of review

We review a trial court's order granting a traditional summary judgment de novo. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). To prevail on a traditional motion for summary judgment, a movant must prove entitlement to judgment as a matter of law on the issues set out in the motion. Tex. R. Civ. P. 166a(c). When the movant is a defendant, a trial court should grant summary judgment only if the defendant (1) negates at least one element of each of the plaintiff's causes of action, or (2) conclusively establishes each element of an affirmative defense. *Clark v. ConocoPhillips Co.*, 465 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

### B. Liberty Lloyds established as a matter of law that it did not breach the insurance contract.

Liberty Lloyds attached the following evidence to its motion for summary judgment: (1) Pounds's insurance policy; and (2) the appraisal award finding that

the Actual Cash Value of Pounds's loss was $9,519.00. Liberty Lloyds argued that because it was undisputed the appraisal award was less than the policy's deductible for wind and hail damage, it did not presently owe Pounds anything and therefore had not breached the insurance contract. In response, Pounds did not argue that the appraisal award was wrong, nor did he present any evidence that he had repaired the damage. He instead argued that the motion was premature because, if he did make the repairs in the future, the full replacement cost would exceed the deductible and he would, at that time, be entitled to a payment from Liberty Lloyds. The trial court granted the motion.

On appeal, Pounds does not challenge the appraisal award. Nor does he point to evidence in the record establishing that he had completed, or even initiated, repairs on his damaged property. Pounds instead repeats his trial court argument that Liberty Lloyds's motion for summary judgment was premature because he might be entitled to a future payment in the event he completes the repairs to his property.

An appraisal award made under the terms of an insurance policy is binding and enforceable, and every reasonable presumption will be indulged to sustain it. *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on an insurance contract. *Id.* Because the Actual Cash Value of the appraisal award was below the policy's deductible amount, Liberty Lloyds does not presently owe Pounds any payment under the terms of the policy and has not breached the insurance contract. We conclude that Liberty Lloyds established its right to summary judgment on Pounds's claim for breach of contract.[5] We overrule Pounds's second issue on appeal.

---

[5] During oral argument, Liberty Lloyds represented to the Court that it would not assert defenses such as res judicata or collateral estoppel if, within any time limits provided by the policy,

**C.** **Because Liberty Lloyds did not breach the insurance contract, it was entitled to summary judgment on Pounds's extra-contractual claims.**

In addition to his claim for breach of contract, Pounds alleged that Liberty Lloyds violated several statutes in handling his claim. Pounds asserted that Liberty Lloyds violated the Prompt Payment of Claims Act by failing "to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage." *See* Tex. Ins. Code Ann. § 542.058 (West 2009). Pounds also alleged that Liberty Lloyds violated various provisions of the Texas Insurance Code and the Deceptive Trade Practices Act because, prior to denying the claim, it did not (1) make a reasonable investigation, and (2) cover all damage such an investigation would have revealed. We conclude neither argument establishes that the trial court erred when it granted Liberty Lloyds's motion for summary judgment on Pounds's extra-contractual claims.

In *USAA Texas Lloyds Co. v. Menchaca*, No. 14-0721, 2017 WL 1311752, at *12 (Tex. April 7, 2017), the Supreme Court of Texas concluded that "an insured cannot recover any damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits." We have already determined that Pounds had no right to receive benefits from Liberty Lloyds under the policy because the appraisers determined that the Actual Cash Value of Pounds's claim was an amount below the deductible. In addition, Pounds did not allege that he sustained an independent injury as a result of Liberty Lloyds's handling of his claim. Pounds instead argued that the independent injury rule did not apply. As a result, Pounds did not produce

---

Pounds completed his repairs and presented evidence to Liberty Lloyds that the cost of the repairs was greater than the policy's deductible and within the Replacement Cost Value found by the appraisers.

summary judgment evidence creating a genuine issue of material fact that he had sustained an injury independent of a right to benefits under the insurance policy. We therefore conclude that Liberty Lloyds established its entitlement to summary judgment on Pounds's extra-contractual claims. We overrule Pounds's third issue on appeal.

## CONCLUSION

Having overruled each of the issues Pounds raised in this appeal, we affirm the trial court's judgment.


/s/    J. Brett Busby
       Justice


Panel consists of Justices Boyce, Busby, and Wise.

11