

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-18-00231-CV

**IN RE ACCEPTANCE INDEMNITY INSURANCE COMPANY**

Original Mandamus Proceeding[1]

Opinion by:　Marialyn Barnard, Justice
Dissenting Opinion by: Rebeca C. Martinez, Justice

Sitting:　　　Marialyn Barnard, Justice
　　　　　　　Rebeca C. Martinez, Justice
　　　　　　　Irene Rios, Justice

Delivered and Filed:　September 26, 2018

RELATOR'S MOTION TO STAY DENIED AS MOOT; PETITION FOR WRIT OF
MANDAMUS CONDITIONALLY GRANTED

　　　　This is an original proceeding in which relator, Acceptance Indemnity Insurance Company

("Acceptance Indemnity"), contends the trial court abused its discretion in denying its motion to

compel appraisal and abate in the underlying dispute over the amount of loss sustained by the real

parties in interest, Agrestic I, LP and Tiberious, LLC ("the RPIs"), with regard to overhead, profits,

and taxes.　Acceptance Indemnity has filed a motion to stay proceedings pending our resolution of

this matter.　Because we conclude the trial court erred in denying Acceptance Indemnity's motion

to compel and abate and there is no adequate remedy at law, we conditionally grant the petition

---

[1] This proceeding arises out of Cause No. 2017-CI-14954, styled *Agrestic I, LP and Tiberious, LLC v. Acceptance Indemnity Insurance Company, Crawford & Company, and Danny Brown*, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable Cathleen M. Stryker presiding.

for writ of mandamus. Further, we deny as moot Acceptance Indemnity's motion to stay proceedings.

## BACKGROUND

Acceptance Indemnity issued a commercial property insurance policy to the RPIs (or their owners) for certain apartment complexes. The RPIs submitted claims under their respective policies to recover damages for property damage incurred after a wind/hail event that occurred in May 2015. The parties could not agree on the cost of repairs. The contractor hired by the RPIs estimated damages at over a million dollars, which was far greater than the appraisal obtained by Acceptance Indemnity. All estimates were provided in August 2015. The RPIs continued to demand payment based on their contractor's estimate, claiming the loss estimate used by Acceptance Indemnity failed to include overhead, profit, and taxes. In September 2015, Acceptance Indemnity requested the RPIs sign a proof of loss, which they ultimately did in December 2015, but they modified it to include notice that they were still seeking full payment based on their contractor's estimated loss. Ultimately, the RPIs completed repairs on the property and Acceptance Indemnity paid them the undisputed amount of loss less the deductibles. Thereafter, the RPIs requested additional payment for their contractor's overhead, profit, and sales tax.

In April 2017, the RPIs sent Acceptance Indemnity a demand letter that gave notice of alleged underpayment, violations of the DTPA and Texas Insurance Code, and breach of the common law duty of good faith and fair dealing. On August 1, 2017, Acceptance Indemnity made a written demand for appraisal, invoking the appraisal provisions set out in the insurance policies. Those provisions provide that if the parties disagree on the amount of loss, either may make a written demand for appraisal of the loss. The provisions go on to describe selection of appraisers, an umpire, and other items associated with the process. In that same letter, Acceptance Indemnity

designated its chosen appraiser. The RPIs responded by letter, stating appraisal was not appropriate. They then filed suit against Acceptance Indemnity on August 14, 2017, alleging breach of contract and numerous extra-contractual claims. In response, Acceptance Indemnity filed a motion to compel appraisal and abate, seeking to compel appraisal under the policies and abate the proceedings pending the outcome of the appraisal. After a hearing, the trial court denied the motion to compel and request for abatement. Acceptance Indemnity filed a petition for writ of mandamus, asking this court to order the trial court to order the parties to engage in the appraisal award process and abate the suit filed by the RPIs pending appraisal.

## ANALYSIS

Acceptance Indemnity contends that absent a showing of illegality or waiver, which mandates a showing of prejudice, the appraisal clause must be enforced. There was no assertion of illegality, so Acceptance Indemnity contends the trial court erred in denying the motion to compel appraisal and abate because the RPIs failed to establish waiver or prejudice. The RPIs, however, set forth numerous arguments in which they contend appraisal is not proper in this case, and further argue Acceptance Indemnity waived its right to invoke appraisal and the RPIs were prejudiced thereby.

### *Standard of Review*

Mandamus relief is available only to correct a clear abuse of discretion when there is no other adequate remedy at law. *In re M–I, L.L.C.*, 505 S.W.3d 569, 574 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion when its decision is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *M–I, L.L.C.*, 505 S.W.3d at 574 (quoting *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)). If the trial court fails to analyze or apply the law correctly, it has clearly abused its discretion. *Id.*

*Application*

This court has recently held that mandamus is available to remedy the improper denial of a motion to compel appraisal. *In re Am. Nat'l Prop. & Cas. Co.*, No. 04-18-00138-CV, 2018 WL 3264932, at *2 (Tex. App.—San Antonio July 5, 2018, orig. proceeding) (citing *In re Allstate Cnty. Mut. Ins. Co.*, 84 S.W.3d 193, 196 (Tex. 2002) (orig. proceeding)); *see In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 406 (Tex. 2011) (orig. proceeding). Accordingly, we hold that if we find the trial court abused its discretion in denying Acceptance Indemnity's motion to compel appraisal, mandamus is a proper remedy. *See Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d at 406; *Am. Nat'l Prop. & Cas. Co.*, 2018 WL 3264932, at *2.

The dispute in this case centers around an appraisal clause in an insurance policy issued by Acceptance Indemnity to the RPIs (or their owners). It states:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an umpire. If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will by [sic] binding as to the amount of loss. Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal:
>
> a. You will still retain your right to bring a legal action against us, subject to the provision of the Legal Action Against Us Commercial Property Condition.
>
> b. We will still retain our right to deny the claim.

As noted above, Acceptance Indemnity filed a motion to compel an appraisal under this provision. The RPIs contested the request for appraisal.

An appraisal clause in an insurance policy "binds the parties to have the extent or amount of the loss determined in a particular way[.]" *In re Allstate Vehicle & Prop. Cas. Ins. Co.*, 542 S.W.3d 815 (Tex. App.—Beaumont 2018, orig. proceeding) (quoting *Scottish Union & Nat'l Ins. Co. v. Clancy*, 71 Tex. 5, 8 S.W. 630, 630 (1888)). The purpose of an appraisal clause is to "provide a means to resolve disputes about the amount of loss for a covered claim." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404 (Tex. 2011). A trial court has no discretion to ignore a valid appraisal clause. *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009); *Am. Nat'l Prop. & Cas. Co.*, 2018 WL 3264932, at *2.[2] Insurance appraisal clauses are generally enforceable, absent illegality or waiver. *Universal Underwriters*, 345 S.W.3d at 407. Here, there is no claim of "illegality," thus the question is whether Acceptance Indemnity waived its right to an appraisal or appraisal is otherwise improper.

Waiver requires the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Id.* It is an affirmative defense and must be proved by the party challenging the right to the appraisal — here, the RPIs. *See Century Surety Co.*, 2015 WL 6689532, at *3. To establish waiver, the party challenging the appraisal must show the parties reached an impasse, that is, "a mutual understanding that neither will negotiate further." *Universal Underwriters*, 345 S.W.3d at 410. An impasse is not a disagreement about the amount or scope of loss. *Id.* "Ongoing negotiations, even when the parties disagree, do not trigger a party's obligation to demand an appraisal." *Id.* To constitute an impasse, both parties must believe additional negotiations would be futile. *Id.* at 409. Courts have held that even if the appraisal is invoked after suit is filed, this might not constitute an unreasonable amount of time between the

---

[2] The case law on this issue is quite prevalent. *See, e.g., In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404 (Tex. 2011) (orig. proceeding); *In re State Farms Lloyds*, 514 S.W.3d 789 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding); *In re Century Surety Co.*, No. 07-15-00386-CV, 2015 WL 6689532 (Tex. App.—Amarillo Nov. 2, 2015, orig. proceeding).

impasse and the invocation. *See, e.g., Century Surety*, 2015 WL 6689532, at \*1–\*3 (conditionally granting petition for mandamus and ordering trial court to vacate order denying motion to compel appraisal even after suit was filed and parties engaged in discovery and participated in mediation).

Moreover, even after an impasse and the passage of an unreasonable amount of time, the appraisal challenger must also show any failure to demand the appraisal within a reasonable time after the impasse prejudiced it. *Universal Underwriters*, 345 S.W.3d at 411; *Am. Nat'l Prop. & Cas. Co.*, 2018 WL 3264932, at \*5. It is difficult to meet this requirement. As the supreme court has specifically held, "it is difficult to see how prejudice could ever be shown when the policy, like the one here, gives both sides the same opportunity to demand an appraisal. If a party senses that impasse has been reached, it can avoid prejudice by demanding an appraisal itself." *Universal Underwriters*, 345 S.W.3d at 411.

Thus, to avoid appraisal, the RPIs needed to prove waiver — an impasse followed by an unreasonable delay in requesting appraisal — and prejudice resulting from the waiver. *See id.* at 408–12. We hold the RPIs failed to establish waiver.

With regard to impasse followed by an unreasonable delay, the supreme court has held using the point of impasse as opposed to the first sign of disagreement corresponds with the definition of waiver, which as noted above is the intentional relinquishment of a known right. *Id.* at 411. According to the supreme court, an "impasse" is "the apparent breakdown of good-faith negotiations." *Id.* at 409. In other words, it is that point at which the parties have exhausted any prospect of reaching an agreement and further discussion would be fruitless. *Id.* (citing *Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 544 (1988)). The RPIs contend the parties reached an impasse when they first disagreed, in August 2015, about the payment of the overhead, profits, and taxes, and at least by October 2015, when they disagreed as to whether the RPIs would use their chosen contractor or the preferred provider as suggested by

Acceptance Indemnity. The RPIs contend that if an impasse was not reached by August or October, then certainly there was an impasse and knowledge of same in December 2015 when the RPIs submitted their modified proofs of loss, reserving the right to pursue the full amount of the estimate provided by their contractor. We hold these events do not constitute an impasse under the supreme court's decision in *Universal Underwriters*. *See id.* at 410.

In that case, the supreme court reviewed cases from several federal courts in determining when an impasse, as opposed to a mere disagreement, had occurred. *See id.* at 409. The court focused on a federal district court case, *Terra Indus., Inc. v. Commonwealth Ins. Co. of Am.*, 981 F.Supp. 581 (N.D. Iowa 1997). *Id.* In *Terra Indus.*, despite more than two years' of negotiations and an "evident dispute," the court found the insurer "had no notice that an impasse has been reached, because only the filing of [the insured]'s suit demonstrated [the insured]'s unilateral conclusion that the parties were at an impasse." 981 F.Supp. at 603. Thus, given its reliance on *Terra Indus.*, the supreme court has concluded that an impasse is not reached until both parties are aware that further negotiations would be futile or of no effect. *Universal Underwriters*, 345 S.W.3d at 409. Applying *Terra Indus.*, the supreme court noted that in its case, it was only when the insured filed suit that the insurer was aware of an impasse. *Id.* at 410. The insured never notified the insurer that it refused to discuss the matter further, and knowledge that the insured disagreed with the insurer's damage estimate was irrelevant because mere disagreement does not in itself establish an unwillingness to negotiate further. *Id.*

Here, the dates relied upon by RPIs as the points of impasse — August, October, and December 2015 — merely show disagreement by the parties and an intent by the RPIs to continue to pursue a greater recovery. *See id.* The RPIs never advised Acceptance Indemnity of a refusal to further negotiate, and Acceptance Indemnity's knowledge that the RPIs disagreed with its position is insufficient to establish an impasse. *See id.* Even in April of 2017, when the RPIs sent

their demand letter pursuant to the Texas Insurance Code and Texas Business & Commerce Code, it was not a certainty that further negotiations were foreclosed. *See* TEX. INS. CODE ANN. § 541.154(a) (West 2009); TEX. BUS. & COM. CODE ANN. § 17.505(a) (West 2011). The purpose of a demand letter under either Code is to encourage settlement. *In re Cypress Tex. Lloyds*, 437 S.W.3d 1, 7 (Tex. App.—Corpus Christi 2011, orig. proceeding) (insurance code) (citing *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992)); *Richardson v. Foster & Sear, L.L.P.*, 257 S.W.3d 782, 784 (Tex. App.—Fort Worth, 2008, no pet.) (business and commerce code) (same). Thus, we hold the demand letter is not proof of an impasse because sending such a letter is intended to encourage settlement, which implies further negotiation. *See Cypress Tex. Lloyds*, 437 S.W.3d at 7; *Richardson*, 257 S.W.3d at 784. After the demand letter, no further action was taken until Acceptance Indemnity moved to compel appraisal on August 1, 2017. Two weeks later, the RPIs filed suit.

There is nothing in the record to show Acceptance Indemnity was unwilling to negotiate further or reconsider its position. Thus, it appears Acceptance Indemnity invoked the appraisal clause before an impasse was ever reached. It was only when the RPIs filed suit that Acceptance Indemnity had notice of an impasse, and by that time, Acceptance Indemnity had invoked the appraisal clause. *See Universal Underwriters*, 345 S.W.3d at 410 (holding impasse reached when insured brought suit and appraisal sought within one month of filing of suit was not unreasonable delay). Thus, we conclude no reasonable construction of the record, particularly in light of the decision in *Universal Underwriters*, supports the existence of an impasse before the date Acceptance Indemnity invoked its contractual right to an appraisal. *See id.* Accordingly, not only was there no unreasonable delay in this case, there was no delay at all. *See id.* Rather, Acceptance Indemnity invoked the appraisal clause before it had notice of an impasse with regard to negotiations. *See id.* Accordingly, we hold the RPIs failed to carry their burden to establish

waiver, having failed to establish an unreasonable delay following an impasse. *See id.* Because the RPIs failed to establish waiver in the first instance, we need not decide whether they proved prejudice as both are mandated. *See id.*

In its response to Acceptance Indemnity's petition, the RPIs raise several arguments in which they contend — independent of their waiver allegation — that appraisal was not appropriate. The RPIs first contend appraisal is inappropriate because the parties' dispute is not over the amount or valuation of overhead, profit, and taxes due, but whether they are due at all — which is a legal question not subject to an appraisal. *See In re Acadia Ins. Co.*, 279 S.W.3d 777, 780 (Tex. App.— Amarillo 2007, orig. proceeding) (holding that after insurer denied claim, it waives right to request appraisal); *Wells v. Am. States Preferred Ins. Co.*, 919 S.W.2d 679, 683–84 (Tex. App.—Dallas 1996, writ denied) (holding that when insurance claim involves question of causation, coverage, or liability as opposed to amount of loss, appraisal is not appropriate). The RPIs assert Acceptance Indemnity has wholly denied payment of overhead, profit, and taxes as opposed to contesting the amounts due, so appraisal is not warranted. According to the mandamus record, this is incorrect.

In its motion to compel appraisal, Acceptance Indemnity specifically stated "[t]he parties disagree over the *cost* of repairs," so it invoked the appraisal provision. And, during argument before the trial court, counsel for Acceptance Indemnity specifically advised the trial court that the RPIs are "misconstruing the dispute." She further stated Acceptance Indemnity is not disputing that the RPIs are entitled to market value for overhead and profit; rather, the dispute is "how much is that overhead and profit appropriate under the circumstances of the size of these losses." As for taxes, taxes are dependent upon the amount to be paid for the overhead/profits, so they are tied up within the appraisal for overhead and profits. We find *Pounds v. Liberty Lloyds of Tex. Ins. Co.*, 528 S.W.3d 222 (Tex. App.—Houston [14th Dist.] 2017, no pet.) instructive. In that case, the court held an insurer's denial of a claim did not constitute waiver — one of the two grounds the

supreme court has found sufficient for a court to refuse to compel an appraisal. *Id.* at 525–26. The court upheld, on appeal, the trial court's decision granting the insurer's motion to compel appraisal. *Id.* The First Court of Appeals ruled similarly in the case of *In re Liberty Ins. Corp.*, 496 S.W.3d 229, 235 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). In that case the court held that whether an insurer denied a claim for damages is relevant to the question of waiver, but not determinative. *Id.* It appears, therefore, even if the issue is, in fact, denial of the claim as opposed to the amount of loss, appraisal is not precluded in the absence of proof of waiver or illegality.

The RPIs next contend that even if appraisal is appropriate, Acceptance Indemnity breached the insurance policy by not paying the overhead, profit, and taxes, thereby discharging the RPIs from complying with any further contractual provisions, including the appraisal provision. In support of this argument, the RPIs rely upon basic contract law. However, to sustain this position, we would have to determine in the first instance whether Acceptance Indemnity breached the insurance policy by failing to pay the overhead and profits and taxes. This puts the cart before the horse. Acceptance Indemnity has not paid because there is a dispute over the amount owed. Although they do not make this argument, perhaps the contention is Acceptance Indemnity should have paid the amount it believes is due for overhead and profits and taxes — then maybe appraisal would be appropriate. Importantly, however, in *Universal Underwriters*, the supreme court held appraisal clauses are generally enforceable absent illegality or waiver; the court did not include a precipitous breach as a ground for refusing to enforce an appraisal clause. *See* 345 S.W.3d at 407. Thus, it appears that in the absence of illegality or waiver, the clauses are enforceable. *See id.* A breach of contract might subject a party to civil penalties, but breaching a contract is not "illegal."

Next, the RPIs contend appraisal is not required because Acceptance Indemnity improperly used the appraisal clause as a litigation tactic to extinguish the RPIs' constitutional right to a jury

trial on the amount and damages and its statutory and common law claims. Moreover, the RPIs contend the appraisal clause lacks "mutuality" and is illusory, and is therefore, unenforceable. They argue the appraisal clause cannot be enforced because if Acceptance Indemnity dislikes the outcome of the appraisal, it can still deny coverage, based on the clause in the appraisal award provision that Acceptance Indemnity retains its right to deny the claim.

First, the language in the insurance policy itself belies the validity of this argument. In the appraisal clause, it states the insured "will still retain [its] right to bring a legal action against us, subject to the Legal Action Against Us Commercial Property Condition." That provision merely states no one may bring a legal action against Acceptance Indemnity under the policy unless there has been full compliance with the terms of coverage and the action is brought within two years and one day after the loss. Moreover, the argument regarding lack of mutuality and enforceability has been rejected by both the First and Third Courts of Appeals. *See In re State Farm Lloyds*, 514 S.W.3d 789, 795 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding); *In re Pub. Serv. Mut. Ins. Co.*, No. 03-13-00003-CV, 2013 WL 692441, at *6 (Tex. App.—Austin Feb. 21, 2018, orig. proceeding [mand. denied]). Both courts noted the insureds in each case had conflated the issues of valuation and coverage, which are mutually exclusive. *See State Farm Lloyds*, 514 S.W.3d at 795; *Pub. Serv. Mut. Ins. Co.*, 2013 WL 692441, at *6. The Austin court noted that both insured and insurer were bound by the loss valuation as determined by the appraisers, but the policy expressly stated the insured retained the right to sue on the policy and the insurer retained the right to deny the claim. *Pub. Serv. Mut. Ins. Co.*, 2013 WL 692441, at *6. Thus, both parties were bound by valuation, but retained either a right to sue or deny the claim on grounds other than valuation. *Id.* Accordingly, there was no lack of mutuality and the policy was not illusory. *Id.* The Houston court ruled similarly. *See State Farm Lloyds*, 514 S.W.3d at 795. The policy in this case is the same as those discussed by the Austin and Houston courts — both Acceptance

Indemnity and the RPIs are bound by the valuation set by the appraisers, establishing mutuality, and Acceptance Indemnity retains the right to deny coverage and the RPIs retain the right to sue.

Finally, we recognize invocation of the appraisal clause might deny the RPIs a jury trial on the issue of valuation. However, parties are entitled to contract for jury waivers. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 130–33 (Tex. 2004) (holding that parties may agree to waive their right to jury trial in certain future disputes as long as they are knowing and voluntary).

### *Acceptance Indemnity's Motion to Stay Proceedings*

On August 17, 2018, Acceptance Indemnity filed a "Motion to Stay Proceedings in District Court." In that motion, Acceptance Indemnity asserts that trial in the underlying proceedings is scheduled for October 8, 2018, and the parties pre-trial deadlines are "fast approaching." Acceptance Indemnity requests that we order the trial court to stay the underlying proceedings pending our disposition of its petition for writ of mandamus. The RPIs filed a response opposing the motion. Because we have now disposed of the petition, we deny as moot Acceptance Indemnity's motion to stay.

### CONCLUSION

Based on the foregoing, we hold the trial court erred in denying Acceptance Indemnity's motion to compel appraisal and to abate. We hold the RPIs failed to carry their burden to establish Acceptance Indemnity waived the appraisal clause and have presented no other viable argument that would have permitted the trial court to refuse to compel an appraisal. Accordingly, we conditionally grant Acceptance Indemnity's petition for writ of mandamus and direct the trial court to: (1) vacate its order denying Acceptance Indemnity's motion to compel appraisal and abate; (2) order the parties to engage in the appraisal process pursuant to the terms of the appraisal clause; and (3) abate the litigation pending the completion of the appraisal process. The writ will issue

only in the event the trial court fails to comply with our directives.  In addition, we deny as moot Acceptance Indemnity's motion to stay.

Marialyn Barnard, Justice