

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

---

No. 08-25-00233-CV

---

In re Guardianship of Evelyn Ramirez, an Incapacitated Person

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Relator Olga Alcantara, who is representing herself, filed a petition for a writ of mandamus against the Honorable Eduardo Gamboa, Judge of Probate Court No. 2 in El Paso County, Texas, challenging and seeking a stay of a September 15, 2025 order, which Judge Gamboa issued in her daughter's guardianship proceeding. For the following reasons, we deny Alcantara's petition as well as her request for a stay. We further deny Alcantara's request that we assist her with obtaining additional records from the court reporter.

### I. BACKGROUND

Alcantara's daughter, Evelyn Ramirez (Evelyn), was involved in an automobile accident while visiting family in El Paso in January 2024, which caused her to suffer a traumatic brain injury. Following a series of hearings, and over Alcantara's objections, on December 5, 2024, the

probate court appointed Evelyn's father, Carlos Ramirez (Carlos)[1], as permanent guardian of Evelyn's person and estate, after finding her fully incapacitated.

On September 4, 2025, Carlos filed a "Motion to Settle" a 2018 federal civil rights lawsuit against three El Paso police officers, in which he was a plaintiff in his capacity as Evelyn's guardian. The motion asserted that Carlos, through his legal representation, had "secured a confidential settlement with the responsible parties for the incident." Maintaining that the settlement would be in Evelyn's best interest, he sought a trial court order "authorizing [him] through his legal representation, to settle the claims described herein, and for such other orders as the Court may deem proper." The same day, Carlos filed a "Motion to Approve Contract with Attorney," attaching a copy of a contract he had entered into in his capacity as Evelyn's guardian with the law firm of Flores Mendez, P.C. (the Firm) on December 16, 2024, allowing the Firm to represent him as Evelyn's guardian in the civil rights lawsuit.

Alcantara objected to both motions as an "interested person." She complained that she had not been provided with "the settlement agreement, release language, lien/payoff statements, or net-to-Ward recovery," asserting that her rights would be violated if the probate court approved a settlement agreement without allowing her to review the agreement and assess whether it would be "truly in Evelyn's best interest." She also contended that the 40% contingency fee was "excessive"; there was a conflict of interest with the Firm, noting that the Firm, and attorney Jessica Mendez in particular, was also representing Carlos in the guardianship proceeding; and there was an "absence of any disclosure regarding expenses, liens, or net recovery to Evelyn." In her request for relief, she asked the probate court not to approve the attorney contract; "[r]equire full disclosure of the settlement agreement(s), release(s), lien statements, and net-to-Ward recovery before

---

[1] We refer to Carlos and Evelyn by their first names to avoid confusion since they share the same last name.

considering approval"; find that Carlos breached his fiduciary duty to Evelyn by his actions in this matter; and "[a]ppoint an independent guardian ad litem to review any proposed settlement or contract for conflicts of interest and best-interest determinations."

In a supplement to her opposition, Alcantara sought an updated medical examination of Evelyn, expressing her belief that Evelyn was no longer fully incapacitated and that to continue her guardianship without an updated examination would violate her constitutional rights. Alcantara alleged Carlos was violating his duties to Evelyn by not requesting a new examination. She also challenged Carlos's continued appointment as Evelyn's guardian, complaining about, among other things, Evelyn's expressed desire to be "placed" in Alcantara's care. Both Alcantara and Evelyn's sister provided affidavits averring they had heard Evelyn say she did not want to remain in El Paso and wished to live with them in New Jersey instead. The two provided additional affidavits stating Evelyn had told them she did not know who Jessica Mendez was.

The probate court set a hearing on Carlos's motions to settle and approve attorney contracts on September 15, 2025. Prior to the hearing, Alcantara filed a motion for a continuance, again complaining that she had not received the proposed settlement agreement and that she believed Evelyn should undergo an updated examination prior to the hearing. The probate court declined to continue the hearing but allowed Alcantara to appear remotely over Carlos's objections.

At the hearing, Judge Gamboa informed Alcantara that the proposed settlement agreement was confidential, that it had not yet been finalized, and that he had not yet seen it. When she objected to him approving the agreement without seeing it, Judge Gamboa responded that he would decide on its approval after he received the finalized agreement. Alcantara renewed her objections regarding the lack of an updated medical examination and her claim that Evelyn wished to have Alcantara appointed as guardian in place of Carlos. Judge Gamboa informed her that those issues

3

were not before the court at the time and that she would need to file separate motions before he could consider them.

## II. THE CHALLENGED ORDER

Following the hearing, and relevant to the petition before us, Judge Gamboa entered an "Order on Motion to Settle" dated September 15, 2025, granting the motion to settle:

> On this day, the Court considered the Motion to Settle filed by Carlos Ramirez, Permanent Guardian of the Person and Estate of Evelyn Ramirez, an Incapacitated Person.
>
> The Court, having considered the Motion, the evidence presented, and the arguments of counsel, finds that granting the Motion is in the best interest of the Ward and that the Motion should be GRANTED.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Carlos Ramirez, Permanent Guardian of the Person and Estate of Evelyn Ramirez, is hereby authorized, through his legal representation, to enter into and finalize the settlement of the civil rights violation lawsuit . . . in accordance with the terms presented to this Court.

Alcantara appealed the September 15th order, describing the order as approving the settlement and the attorney contract, and denying her request for a continuance.[2] After we notified Alcantara that the September 15th order did not appear to be appealable, she filed a "Motion to Designate Appeal as Original Proceeding and Request for Extension of Time to File Mandamus Petition and Record." We granted the motion on November 20, 2025. *See CMH Homes v. Perez*, 340 S.W.3d 444, 453–54 (Tex. 2011) (treating appeal as mandamus petition "because [Appellant] specifically requested mandamus relief" in the alternative). Because the clerk's record and

---

[2] Judge Gamboa's order approving the attorney contract was issued as a separate order on September 25, 2025. Alcantara did not file a notice of appeal from that order, nor does she challenge that order in her petition for a writ of mandamus. We further note that Alcantara filed a "Notice of Accelerated Interlocutory Appeal" from an order Judge Gamboa issued on September 19, 2025, relating to Carlos's "Motion for Bond on Costs of Proceeding." We address Alcantara's appeal from that order separately in cause number 08-25-00335-CV.

reporter's record had already been filed, we ordered Alcantara to file her Petition by November 30, 2025.[3]

Alcantara has now filed her petition, in which she requests that we vacate Judge Gamboa's September 15th order and issue a stay of that order pending resolution of her petition.[4] For the reasons explained below, we deny her petition and motion for stay.

## III. APPLICABLE LAW AND STANDARD FOR GRANTING MANDAMUS RELIEF

In general, "mandamus relief is available only to correct a clear abuse of discretion when there is no other adequate remedy at law." *Flightline Escrow, LLC v. Leavelle*, 720 S.W.3d 415, 428 (Tex. App.—El Paso 2025, no pet.) (citing *In re Acceptance Indem. Ins. Co.*, 562 S.W.3d 655, 659 (Tex. App.—San Antonio 2018, no pet.)). A trial court clearly abuses its discretion when its decision is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* (citing *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (per curiam)). "A trial court has no discretion in determining what the law is or in applying the law to the particular facts." *Id.* (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004)). Therefore, "if the trial court fails to analyze or apply the law correctly, it has clearly abused its discretion." *Id.* (citing *Acceptance Indem. Ins. Co.*, 562 S.W.3d at 659).

---

[3] The Rules of Appellate Procedure provide that a relator must file an appendix to a petition in an original proceeding with certified copies of the order complained of any relevant documents. *See* Tex. R. App. P. 52.3(k)(1)(B) (requiring an appendix to a petition that includes "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"); Tex. R. App. P. 52.7(a) (requiring "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained"). In her appendix, Alcantara refers to the clerk's record and the reporter's record of the September 15, 2025 hearing, both of which were already on file with this Court, but she stated that she was also seeking the records of six other hearings held in the case prior to September 15, 2025. She sought our assistance in obtaining those records from the court reporter. As explained below, we do not find them relevant to our analysis.

[4] We note that on December 12, 2025, Alcantara filed with this Court a notice that the parties to the civil proceeding had signed and filed a "Joint Stipulation of Dismissal with Prejudice" in the federal civil lawsuit.

"Mandamus should not issue to correct grievances that may be addressed by other remedies." *Id.* (citing *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009)). In addition, Rule 33.1 of the Texas Rules of Appellate Procedure "requires that a party must first present its complaint to the trial court and obtain a ruling on that complaint" in both direct appeals and in mandamus proceedings. *In re Polymerica, LLC*, 271 S.W.3d 442, 448 (Tex. App.—El Paso 2008) (citing *In re East Texas Med. Ctr. Athens,* 154 S.W.3d 933, 936 (Tex. App.—Tyler 2005, orig. proceeding), *subsequent mandamus proceeding*, 296 S.W.3d 74 (Tex. 2009); *West v. Solito,* 563 S.W.2d 240, 244–45 (Tex. 1978) (orig. proceeding)).

Finally, the Rules of Appellate Procedure provide that a petition in an original proceeding "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See* Tex. R. App. P. 52.3(h). A relator waives her contentions upon failing to cite authority supporting her claims as required by the Rules of Appellate Procedure. *See In re KVIA-Channel 7*, No. 08-24-00330-CV, 2024 WL 4333180, at *3 (Tex. App.—El Paso Sept. 27, 2024, no pet.) (mem. op.) (concluding that relator was not entitled to mandamus relief where it did not comply with Rule 52.3(h) requiring citation to applicable legal authority in support of its contentions); *see also In re Hartigan*, 107 S.W.3d 684, 688–89 (Tex. App.—San Antonio 2003, no pet.) (where relator did not comply with the "Rules of Appellate Procedure obligat[ing] one seeking mandamus relief to include in the petition 'a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record,' we hold [Relator] waived this contention"); *In re C.F.*, 576 S.W.3d 761, 772 (Tex. App.—Fort Worth 2019, no pet.) (denying mandamus relief where relator cited no authority in her petition in support of her claim). When, as here, a party appears pro se, she is "held to the same standards as a licensed attorney and must comply with all applicable laws and rules of

6

procedure." *See Robb v. Horizon Communities Improvement Ass'n, Inc.*, 417 S.W.3d 585, 590 (Tex. App.—El Paso 2013, no pet.).

## IV. ANALYSIS

In her petition, Alcantara contends we should find that Judge Gamboa's September 15th order was void for a variety of reasons, and we should direct him to vacate the order as well as order the "immediate suspension of all actions taken in reliance" on the order. For the following reasons, we decline to do so.

### A. We do not review issues unrelated to the September 15th order

As a preliminary matter, we note that many, if not most, of the reasons that Alcantara contends the September 15th order is void do not relate to any errors pertaining to the order itself, but to various "structural due process violations" she believes the court committed during the guardianship proceedings. Among other things, she complains that Carlos was not properly appointed as guardian and that the trial court erred "by refusing to remove [Carlos as] an unfit guardian[.]" According to Alcantara, he allowed Evelyn to be isolated and mistreated, asserting she was living with her grandmother who was "elderly, diabetic, partially blind, and unable to provide adequate supervision for an adult with a traumatic brain injury," and Carlos had suppressed Evelyn's expressed wishes to live in her home state of New Jersey and have Alcantara serve as her guardian. Alcantara complains that Judge Gamboa failed to "require mandatory evaluations and accountings" and ignored his "statutory duties designed to protect incapacitated adults[.]" Based on these alleged errors, in addition to requesting that we vacate the September 15th order, Alcantara asks us to direct Judge Gamboa to remove Jessica Mendez from her role as Carlos's attorney due to alleged conflicts of interest; order new "conflict-free" counsel to represent Evelyn's interests; remove Carlos as the guardian for "restricting [Alcantara's] access to [Evelyn],

7

suppressing [Evelyn's] stated preferences, failing to provide statutory accountings, and failing to ensure [Evelyn's] safe placement"; order an updated medical examination of Evelyn; order a full accounting of Evelyn's estate; and restore Alcantara's right to visit and communicate fully with Evelyn.

Alcantara has not cited any authority for the proposition that any of the alleged errors she claims Judge Gamboa made, or any deficiencies in Carlos's performance as guardian, would render the challenged September 15th order void. *See In re KVIA-Channel 7*, 2024 WL 4333180, at *3 (requiring citation to legal authority to support claims in a mandamus proceeding). Moreover, her challenges to the trial court's prior orders relating to Carlos's appointment and her right to visitation with Evelyn, as well as any failure by Carlos to fulfill his duties as guardian, were not addressed in the September 15th order and are therefore improper collateral attacks not before us in this proceeding. *See, e.g.*, *Jones v. Griffith*, 109 S.W.2d 565, 566 (Tex. App.—Eastland 1937, no writ) (concluding that a challenge to a judgment approving guardian's agreement to sell estate property on the ground that the guardian was not duly authorized to act on the estate's behalf was an improper collateral attack on guardian's authority to act on the ward's behalf). Alcantara has not provided any authority that would allow this Court to consider her collateral complaints about the guardianship proceedings in the current writ proceeding, or to direct Judge Gamboa to issue orders with respect to those unaddressed complaints. We therefore do not consider those complaints in our analysis. *See In re Polymerica, LLC*, 271 S.W.3d at 448 (recognizing that appellate court will not consider complaints that were not addressed in lower court's order in a mandamus proceeding challenging the order).

### B. Alcantara did not meet her burden of establishing an abuse of discretion

Turning to Alcantara's direct challenges to the September 15th order, Alcantara contends Judge Gamboa "abused [his] discretion by approving a settlement [he] did not review, did not understand, and did not have authority to approve." According to Alcantara, a "probate judge cannot approve a settlement blindfolded," and we should declare the order void because "[n]o written agreement was presented"; "[n]o evidence was submitted"; "[n]o terms, amounts, or distributions were disclosed"; "[and] [n]o best-interest inquiry occurred." Alcantara further complains that the court erred by excluding Evelyn from the hearing; by failing to order an "updated neurological or psychological evaluation"; and by moving forward without Evelyn ever having met attorney Jessica Mendez, who was preventing her from "expressing her wishes during calls."

Alcantara has not cited any authority in support of her contentions that the court abused its discretion by failing to ensure Evelyn's presence at the hearing, by not having Evelyn's consent to the agreement, and by not ordering an updated medical examination before issuing the September 15th order. *See In re KVIA-Channel 7*, 2024 WL 4333180, at *3 (recognizing requirement in appellate rules that relator must cite to applicable legal authority in support of her mandamus claims). Nor does she cite any authority for the proposition that Judge Gamboa lacked the authority to issue the September 15th order. Though she contends Judge Gamboa violated the Estates Code by issuing the order, Alcantara has not specified which provisions of the Code she believes he violated.[5]

---

[5] The only provision in the Estates Code Alcantara cites in her petition is § 1101.152. But that provision only addresses the findings of fact the probate court must enter when it issues an "order appointing a guardian with limited authority." *See* Tex. Estates Code Ann. § 1101.152. It has no applicability to the probate court's right to authorize a guardian to enter into a settlement agreement.

Accordingly, based on Alcantara's failure to provide any legal authority in support of her claim that Judge Gamboa abused his discretion in issuing the September 15th order, we conclude that Alcantara has not met her burden of demonstrating her entitlement to mandamus relief. *Id.* We therefore deny Alcantara's Petition for Writ of Mandamus and Emergency Motion for Stay.

### C. We deny Alcantara's request to order the court reporter to transcribe additional hearing records

Finally, we address Alcantara's request that we order the court reporter to transcribe six additional hearing records in this matter, to include hearings on: August 6, 2024; August 12, 2024; October 21, 2024; October 29, 2024; December 5, 2024; and September 11, 2024. We note that the clerk's record does not indicate that a hearing was held on September 11, 2024, and the court reporter does not indicate that Alcantara requested a record of a hearing on that date from her. We therefore only consider Alcantara's request for records of the other five hearings.

To ascertain the relevance of those five hearings, we ordered the court reporter to provide a summary description of each hearing. In her response, the court reporter informed us that the five hearings related to the appointment of Carlos as Evelyn's guardian and to visitation issues.[6] As explained above, those issues are collateral to the issues decided in Judge Gamboa's September 15th order, and those five hearings are therefore not relevant to the current proceeding and our analysis of whether he abused his discretion in issuing that order. Accordingly, we deny Alcantara's request to order the court reporter to transcribe additional hearings in this cause number and we deny as moot the court reporter's request for additional time to produce the hearing records.[7]

---

[6] The court reporter also indicated that Alcantara requested the record of a hearing that occurred on January 20, 2025, but the reporter states that no record was made of that hearing.

[7] In her response, the court reporter informed us that Alcantara has also requested a record of a hearing that took place on May 22, 2025, relating to a "Motion for Bond for Costs of Proceedings" Carlos filed in May 2025. The record reflects that Judge Gamboa issued an order relative to that motion on September 19, 2025. As set forth above, Alcantara

## V. CONCLUSION

Alcantara has failed to establish her entitlement to mandamus relief or to a stay of the September 15th order. Accordingly, we deny the petition for writ of mandamus and motion for stay. We further deny Alcantara's request that we direct the court reporter to transcribe any additional hearing records relative to this matter. All pending motions are denied as moot.

_____

LISA J. SOTO, Justice

January 16, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

appealed from that order, which is currently pending in cause number 08-25-00335-CV. The September 19th order has no applicability to the current mandamus proceeding.