**IN RE STATE FARM LLOYDS,**
**Relator**

**NO. 14–16–00696–CV**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed January 10, 2017

M. Micah Kessler, Houston, TX, for Relator.

William Nelson Allan IV, San Antonio, TX, for Real Party in Interest.

Panel consists of Chief Justice Frost and Justices Boyce and Christopher.

## OPINION

Kem Thompson Frost, Chief Justice

This original proceeding arises out of a dispute between insureds and their insurer over the insurer's right to an appraisal of the loss under the insurance policy. The insureds brought suit for breach of the policy. The insurer, as relator in this proceeding, seeks a writ of mandamus commanding the trial judge to vacate her order denying the insurer's motion to compel appraisal and ordering the trial judge to

compel the parties to engage in the appraisal process. We reject the insureds' arguments that (1) the insurer waived the appraisal provision by partially denying coverage of their claim or by demanding a jury trial; and (2) the appraisal provision lacks mutuality of obligation. The insurance policy mandates appraisal to resolve the parties' dispute over the value of the loss, and the insureds have not shown a basis for denying enforcement of the appraisal provision. We conditionally grant mandamus relief to compel the appraisal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Relator State Farm Lloyds issued to real parties in interest Hai and Kieu Nga Tran (the "Insureds") a homeowner's insurance policy, effective November 5, 2014 through November 5, 2015 (the "Policy"), for the dwelling located at 323 Lake Bend Drive, Sugar Land, Texas (the "Property"). When the Insureds reported that a storm had damaged their dwelling, State Farm assigned an adjuster and commenced an investigation of the claim. After inspecting the Property, State Farm's adjuster prepared an estimate of $432 to repair storm-related damage. The estimate did not exceed the Insureds' $8,174 deductible amount under the Policy.

State Farm wrote to the Insureds, stating that State Farm agreed that the wind caused damage and that the covered damages amounted to $432. Though State Farm admitted that the Policy covered part of the loss, State Farm refused payment at the time it sent the letter because the amount of the loss fell below the Policy's deductible. State Farm also admitted that the Insureds suffered other damage to the Property, but denied coverage for this damage.

The Insureds' public adjuster[1] inspected the Property and determined that storm-related damage amounted to $73,000. This sum included damage to the Property's roof, exterior, and interior. State Farm had no further contact with the Insureds until they filed suit against State Farm and State Farm adjuster Bruce White. The Insureds have asserted claims for breach of contract, violations of the Texas Insurance Code and the Deceptive Trade Practices Act, and breach of the common law duty of good faith and fair dealing. They seek to recover, among other things, benefits under the Policy for damage allegedly sustained as a result of the storm.

State Farm answered the suit and made a jury demand. State Farm then invoked the Policy's appraisal provision before either party conducted any discovery. In its letter demanding an appraisal, State Farm cited the following relevant text in the Policy:

SECTION I—CONDITIONS

**Appraisal.** If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an

---

1. A public adjuster is licensed to represent the public against an insurance company when there is a dispute regarding a claim. *See State*

*Farm v. Hanson*, 500 S.W.3d 84, 87–88 n.1 (Tex. App.–Houston [14th Dist.] 2016, pet. filed).

agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

The Insureds' counsel rejected State Farm's appraisal demand, stating that the Insureds "instead would like to proceed with litigation."

State Farm filed a "Motion to Compel Appraisal and Abate Case Pending Appraisal Outcome." The Insureds responded, arguing that State Farm had waived its right to appraisal by denying coverage and by demanding a jury trial. They also argued that State Farm's claimed appraisal right was "illusory and unenforceable."

The respondent trial judge, the Honorable Maggie Perez–Jaramillo of the 400th District Court of Fort Bend County (the "Trial Court"), signed an order denying the motion to compel appraisal and the motion to abate the case (the "Order").

State Farm has filed a petition for writ of mandamus asking this court to order the Trial Court to (1) vacate the Order, and (2) compel the parties to engage in the appraisal process provided in the Policy.

## II. Mandamus Standard

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a

clear and prejudicial error of law or if it clearly fails to analyze the law correctly or properly apply the law to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). We review the trial court's application of the law de novo. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Trial courts have no discretion to ignore a valid appraisal clause. *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009). A trial court's abuse of discretion in failing to enforce an appraisal clause cannot be remedied by appeal. *In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 195–96 (Tex. 2002); *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 561 (Tex. App.–Houston [14th Dist.] 2010, orig. proceeding).

## III. Analysis

### A. The insurer did not waive its right to appraisal by denying coverage or by demanding a jury trial.

The party challenging the right to appraisal shoulders the burden of showing waiver. *In re Pub. Serv. Mut. Ins. Co.*, No. 03–13–00003–CV, 2013 WL 692441, at *5 (Tex. App.–Austin Feb. 21, 2013, orig. proceeding) (mem. op.). To constitute waiver, the insurer's acts must be reasonably calculated to induce the insureds to believe that their compliance with the policy's terms is not desired or would be of no effect if performed. The acts "must amount to a denial of liability, or a refusal to pay the loss." *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011) (quoting *Scottish Union & Nat. Ins. Co. v. Clancy*, 71 Tex. 5, 8 S.W. 630, 632 (1888)). The Supreme Court of Texas has concluded that this legal standard is coterminous with the general legal standard for waiver—"the intentional relinquishment of

a known right or intentional conduct inconsistent with claiming that right." *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d at 407.

The Insureds argue that State Farm waived the appraisal provision by denying coverage for most of the damage and contending that the covered damage fell below the Policy's deductible. The Insureds also argue that State Farm waived its appraisal right by demanding a jury trial nearly a month before demanding appraisal.[2]

In support for their waiver argument with respect to denial of coverage, the Insureds cite *In re Acadia Insurance Company*, in which a sister court of appeals states as follows: "It is clear that denying coverage under an insurance policy does, in fact, waive the right of the insurer to request an appraisal." 279 S.W.3d 777, 780 (Tex. App.–Amarillo 2007, no pet.). The *Acadia Insurance* case was decided before the Supreme Court of Texas decided *State Farm Lloyds v. Johnson*, in which the high court recognized that appraisal still may be appropriate after the insurer has denied the claim. *See* 290 S.W.3d 886, 894 (Tex. 2009) ("When an insurer denies coverage, appraisers can still set the amount of loss in case the insurer turns out to be wrong. And when the parties disagree whether there has been any loss at all, nothing prevents the appraisers from finding '$0' if that is how much damage they find."). The *Johnson* court indicated there might be an exception to this rule, stating that "unless the 'amount of loss' will never be needed (a difficult prediction when litigation has yet to begin), appraisals should generally go forward without preemptive intervention by the courts." *Id.* at 895.

In *In re Security National Insurance Company*, this court stated that denying

coverage under an insurance policy waives the right of the insurer to request an appraisal. *See* No. 14–10–00009–CV, 2010 WL 1609247, at *6 (Tex. App.–Houston [14th Dist.] Apr. 22, 2010, orig. proceeding) (mem. op.). Because this court found no denial of coverage in that case, the statement amounts to a non-binding obiter dictum. *See id.* In any event, the statement clashes with binding judicial dicta in two Supreme Court of Texas cases. *See In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d at 407; *Johnson*, 290 S.W.3d at 894–95.

While continuing to rely on the legal standard for waiver from the nineteenth-century *Scottish Union* case, the Supreme Court of Texas has said that to waive rights under an appraisal provision, a party still must intend to relinquish a known right or engage in intentional conduct inconsistent with claiming that right. *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d at 407.

In today's case, State Farm mailed the Insureds a letter, dated October 20, 2015, stating that State Farm agreed there was covered damage caused by wind and that the loss amounted to $432. The letter further states:

> Since the loss is less than your $8,174.00 deductible, no payment can be made at this time. If you receive estimates related to this loss that exceed your deductible, please promptly forward these for our review prior to repairing or replacing the property.
>
> Furthermore, we observed additional damage not caused by wind. State Farm denies coverage for damage to shingles and other exterior roofing components, except those covered damages identified

---

**2.** The parties do not cite any decision in which a court has addressed whether filing a

jury demand waives the right to invoke an appraisal provision.

in our estimate, because such other damage is excluded by the following policy provisions. We call your attention to the applicable portion of your policy: [quoting parts of policy stating that State Farm does not insure for any loss to the property which consists of, or is directly and immediately caused by, wet or dry rot, wear, tear, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown]

State Farm also observed that there are a number of roof shingles that do not have any damage. The policy insures for accidental direct physical loss. Please refer to the following applicable part of your policy:

[quoting part of policy stating that State Farm insures for accidental direct physical loss to the property described in Coverage A]

There is no coverage for the replacement of undamaged shingles since there is no accidental direct physical loss.

State Farm thus admitted that the Policy covered part of the loss, though it refused payment at the time of the letter based on State Farm's determination that the amount of the loss fell below the Policy's stated deductible. State Farm also admitted that the Insureds suffered other damage to the Property, though State Farm denied coverage for that other damage. State Farm denied that the Policy provided coverage for the replacement of undamaged shingles. The Policy provided that "[a] waiver . . . of any provision of this policy must be in writing by [State Farm] to be valid."

▮▮ In applying the high court's waiver-of-appraisal standard, the First Court of Appeals recently concluded that, "whether an insurer denied a homeowner's claim for damages under the governing policy is relevant to the question of waiver of the appraisal clause, but it is not deter-

minative of that question." *In re Liberty Ins. Corp.*, 496 S.W.3d 229, 235 (Tex. App.–Houston [1st Dist.] 2016, orig. proceeding). Based on the judicial dicta in *In re Universal Underwriters* and *Johnson*, we agree. *See In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d at 407; *Johnson*, 290 S.W.3d at 894–95. Denial of an insured's claim does not, by itself and in all circumstances, always constitute an "intentional relinquishment" of the insurer's rights under the policy's appraisal provision; nor does it constitute "intentional conduct inconsistent with claiming" these appraisal rights. *See In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d at 407; *In re Liberty Ins. Corp.*, 496 S.W.3d at 235. Instead, in deciding whether an insurer waived its right to invoke an appraisal clause, we also must consider the policy's language and the surrounding circumstances to determine whether the insurer intentionally relinquished its appraisal rights or engaged in intentional conduct inconsistent with claiming these rights. *See id.*

State Farm admitted that the Policy covered part of the loss, but did not pay because the amount of the loss fell below the Policy's deductible. State Farm denied coverage for other damage to the Property and for the replacement of undamaged shingles. After the Insureds brought suit, State Farm answered and generally demanded a jury trial under Texas Rule of Civil Procedure 216. State Farm did not state that it demanded a jury trial as to damage issues or as to issues that would be resolved by an appraisal. There might be fact questions as to causation or liability that would need to be determined by a jury. Under the Policy, a waiver of the appraisal provision must be in writing, yet the record contains no evidence that State Farm waived the appraisal provision in

writing. *See In re Liberty Ins. Corp.*, 496 S.W.3d at 235.

We conclude the evidence before the Trial Court did not raise a fact issue as to whether State Farm intentionally relinquished its appraisal rights or engaged in intentional conduct inconsistent with claiming these rights. *See In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d at 407; *In re Liberty Ins. Corp.*, 496 S.W.3d at 235. The trial court thus abused its discretion to the extent it determined that State Farm waived its right to appraisal. *See id.*

**B. The policy's appraisal provision is not illusory or lacking in mutuality of obligation.**

█ The Policy's appraisal provision states that if the parties fail to agree on the amount of the loss, either party can demand that the amount of the loss be set by appraisal. State Farm, in its letter demanding appraisal, stated that it "does not waive any of the Policy provisions, conditions, exclusions or limitations, and in fact, intends to rely on them throughout the appraisal process" and that "[t]he appraisal award will be subject to the Policy provisions, conditions, exclusions and limitations."

The Insureds argue that statements in the letter made the appraisal provision illusory and unenforceable because the statements allegedly suggest that State Farm sought to retain its right to contest all liability and damage, and so the appraisal process lacked of mutuality of obligation. They cite two cases in support of this proposition. *See Zamora v. Swift Transp. Corp.*, 547 F.Supp.2d 699, 703 (W.D. Tex. 2008) ("If a party possesses the right to modify or terminate an arbitration agreement without notice, its promise is illusory, and the agreement is unenforceable"); *Light v. Centel Cellular Co. of Tex.*, 883 S.W.2d 642, 645 (Tex. 1994) (stating a promise is illusory if it fails to bind the promisor), *overruled on other grounds* by *Marsh USA Inc. v. Cook*, 354 S.W.3d 764 (Tex. 2011).

The appraisal provision is not illusory or lacking in mutuality of obligation; it expressly states that either party may demand that the amount of the loss be set by appraisal and that the amount agreed upon by a majority of the appraisers and umpire shall be the amount of the loss. *See In re 24R, Inc.*, 324 S.W.3d 564, 567–68 (Tex. 2010) (orig. proceeding). The Policy does not grant State Farm the right to terminate or modify the appraisal provision. *See id.* State Farm's letter did not and could not change the terms of the appraisal provision, which mutually binds the parties. The letter simply recognizes that the appraisal will be governed by the Policy's provisions.

## IV. CONCLUSION

█ The evidence before the Trial Court did not raise a fact issue as to the Insureds' affirmative defense that State Farm waived the appraisal or as to the Insureds' contention that the appraisal provision lacks mutuality of obligation. We conclude that the Trial Court abused its discretion by denying the motion to compel appraisal and that the error cannot be remedied by appeal. *See In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d at 196. We thus conditionally grant the petition for writ of mandamus as to State Farm's request to compel an appraisal. We direct the Trial Court to (1) vacate the part of the Order denying State Farm's motion to compel appraisal and (2) order the parties to engage in the appraisal process.

In its mandamus petition, State Farm does not present an independent challenge to the Trial Court's denial of its motion to abate the case pending the completion of

the appraisal process. The Trial Court denied the motion to abate when it denied State Farm's motion to compel appraisal. There would have been no need to abate the case based on an appraisal process that was not going to occur. Given the changed circumstances and today's conditional grant of mandamus relief as to the motion to compel appraisal, State Farm is free to ask the Trial Court to abate the case in light of the impending appraisal process.

We are confident the Trial Court will act in accordance with this opinion. The writ of mandamus shall issue only if the Trial Court fails to do so.