

# NUMBER 13-25-00102-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE TRISURA INSURANCE COMPANY

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Silva[1]**

By petition for writ of mandamus, relator Trisura Insurance Company (Trisura)

asserts that the trial court[2] abused its discretion by denying its motion to compel appraisal

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number C-2096-24-J in the 430th District Court of Hidalgo County, Texas, and the respondent is the Honorable Orlando Esquivel. *See id.* R. 52.2.

of a property damage claim filed by the real party in interest, Maria De La Luz Selvera. We conditionally grant the petition for writ of mandamus.

## I.    BACKGROUND

Trisura filed an original petition and claim for declaratory judgment against Selvera.[3] Trisura alleged that it insured Selvera's property, which reportedly sustained damage due to a weather event that occurred on April 29, 2023. Selvera submitted a claim regarding the alleged damage, and after investigation, Trisura determined that there was partial coverage for Selvera's damages under her insurance policy. Selvera retained counsel and sent presuit notice and a demand letter to Trisura's third-party claims administrator, Wellington Claim Service, LLC (Wellington). According to Trisura, Selvera alleged that her insurance claim was undervalued and underpaid. Thereafter, Trisura, by and through Wellington, invoked its right to appraisal under the insurance policy. In its original petition, Trisura thus sought, in relevant part, a declaratory judgment that Selvera was required to submit her claims to appraisal pursuant to her insurance policy. Trisura thereafter filed a separate motion to compel appraisal. The insurance policy at issue provides in relevant part that:

8.    **Appraisal.**

---

[3] In a separate lawsuit, Selvera filed suit against the adjusters who handled her property damage claim, Eagle 1 Adjusting LLC (Eagle 1) and Thomas Walter Theophilus Maretzki, in trial court cause number CL-24-1211-G in the County Court at Law No. 7 of Hidalgo County, Texas, alleging that because of their conduct, her claim was "improperly adjusted, inadequately paid, and wrongfully denied." In that case, Trisura invoked appraisal, filed a plea in intervention and elected to accept whatever liability its agents might have to Selvera under § 542A.006 of the Texas Insurance Code. *See* TEX. INS. CODE ANN. § 542A.006. Trisura, Eagle 1, and Maretzki filed motions to dismiss Selvera's lawsuit against Eagle 1 and Maretzki. The trial court struck Trisura's plea in intervention and denied the motions to dismiss. Trisura, Eagle 1, and Maretzki have assailed those rulings by petition for writ of mandamus filed in our appellate cause number 13-25-00139-CV, and by separate opinion issued this same date, we have conditionally granted mandamus relief in that case. *See In re Trisura Ins.*, No. 13-25-00139-CV, 2025 WL ___, at __ (Tex. App.—Corpus Christi–Edinburg July 25, 2025, orig. proceeding).

2

If you and we fail to agree on the actual cash value, amount of loss, or cost of repair or replacement, either can make a written demand for appraisal. Each will then select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a district court of a judicial district where the loss occurred. The two appraisers will then set the amount of loss, stating separately the actual cash value and loss to each item.

If the appraisers fail to agree, they will submit their differences to the umpire. An itemized decision agreed to by any two of these three and filed with us will set the amount of the loss. Such award shall be binding on you and us.

Each party will pay its own appraiser and bear the other expenses of the appraisal and umpire equally.

. . . .

12. **Suit Against Us**. No suit or action can be brought unless the policy provisions have been complied with. Action brought against us must be started within two years and one day after the cause of action accrues.

The "Special Provisions Endorsement" of Selvera's insurance policy modifies these provisions, in part, but does not affect our analysis of the issue presented in this original proceeding.

Selvera filed an answer to Trisura's lawsuit including affirmative defenses and a plea in abatement. She thereafter filed an amended answer including a counterclaim for declaratory relief, and she also filed a response in opposition to Trisura's motion to compel appraisal. On January 31, 2025, the trial court denied Trisura's motion to compel appraisal.

This original proceeding ensued. By one issue, Trisura asserts that the trial court abused its discretion by denying its motion to compel appraisal. The Court requested and

3

received a response to the petition for writ of mandamus from Selvera. Trisura filed a reply thereto, and Selvera filed a sur-reply. *See* TEX. R. APP. P. 52.4, 52.5, 52.8.

## II.     STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am*., 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

Mandamus relief is appropriate to enforce an appraisal clause because denying the appraisal would vitiate the insurer's right to defend its breach of contract claim. *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d 404, 412 (Tex. 2011) (orig. proceeding); *In re Allstate Cnty. Mut. Ins.*, 85 S.W.3d 193, 196 (Tex. 2002) (orig. proceeding); *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d 876, 882 (Tex. App.—Houston [1st Dist.] 2024, orig. proceeding); *In re Acceptance Indem. Ins.*, 562 S.W.3d 645, 649 (Tex. App.—San Antonio 2018, orig. proceeding); *In re Allstate Vehicle & Prop. Ins.*, 542 S.W.3d 815, 822 (Tex. App.—Beaumont 2018, orig. proceeding) (per curiam); *In re State Farm Lloyds*, 514 S.W.3d 789, 792 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

4

### III. ANALYSIS

As stated previously, Trisura contends that the trial court abused its discretion by denying its motion to compel appraisal. Selvera contends otherwise, and asserts, *inter alia*, that appraisal is not required because there is no dispute as to the amount of loss at issue in this case.

### A. Applicable Law

Insurance appraisal clauses "provide a means to resolve disputes about the amount of loss for a covered claim." *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d at 406–07; *see State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009). "Appraisals can provide a less expensive, more efficient alternative to litigation." *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d at 407. Such clauses are "generally enforceable, absent illegality or waiver." *Id.* A trial court has no discretion to ignore a valid appraisal clause. *Johnson*, 290 S.W.3d at 888; *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d at 881. Appraisals "should generally go forward without preemptive intervention by the courts." *Johnson*, 290 S.W.3d at 895.

### B. Dispute Over the Amount of Loss

Selvera argues that the trial court correctly denied appraisal because it applies only when there is a dispute over the amount of loss—and in this case there is no dispute over the amount of the claimed loss because she is not pursuing a claim for policy benefits. We disagree with this contention.

Trisura elected to invoke the appraisal provision in its insurance policy and sought declaratory relief regarding its right to appraisal of Selvera's claims. The appraisal clause at issue applies when the parties disagree as to "the actual cash value, amount of loss,

5

or cost of repair or replacement." The record indicates that Selvera's counsel advised Wellington that Trisura's agents "denied and/or underpaid major portions of the claim and failed to properly adjust the claim," and that Trisura did not "pay the full amount of loss due under the terms and conditions of the homeowner's policy of insurance."

Appraisal may be invoked and enforced even when an insurer denies a claim and there are disputed issues involving coverage. *See id.* at 893 ("Even if the appraisal here turns out to involve not just damage but liability questions, that does not mean appraisal should be prohibited as an initial matter."); *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d at 884 (concluding that appraisal was not precluded where the insurance policy provided for appraisal when the parties "fail to agree on the amount of loss" and the case presented issues involving coverage); *In re Liberty Ins. Corp.*, 496 S.W.3d 229, 234–35 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied]) (concluding that the insurer's denial of the insurance claim did not amount to a waiver of its right to appraisal). Accordingly, we reject Selvera's assertion that appraisal was not required in the case at hand.

## C.     Summary

We conclude that the trial court abused its discretion by denying Trisura's motion to compel appraisal, and Trisura lacks an adequate remedy by appeal to address this error. *See In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d at 412; *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d at 882; *In re Acceptance Indem. Ins.*, 562 S.W.3d at 649; *In re Allstate Vehicle & Prop. Ins.*, 542 S.W.3d at 822. We sustain the sole issue presented by Trisura in this original proceeding.

6

## IV. Conclusion

The Court, having examined and fully considered Trisura's petition for writ of mandamus, Selvera's response, the additional briefing, and the applicable law, is of the opinion that Trisura has met its burden to obtain relief. We conditionally grant the petition for writ of mandamus and direct the trial court to: (1) vacate its January 31, 2025 order denying Trisura's motion to compel appraisal; and (2) grant Trisura's motion to compel appraisal. Our writ will issue only if the trial court fails to comply.

CLARISSA SILVA
Justice

Delivered and filed on the
25th day of July, 2025.