

# NUMBER 13-25-00119-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE TRISURA INSURANCE COMPANY

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron**
**Memorandum Opinion by Justice Cron[1]**

By petition for writ of mandamus, relator Trisura Insurance Company (Trisura)

asserts that the trial court[2] abused its discretion by denying its motion to compel appraisal

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number C-2095-24-C in the 139th District Court of Hidalgo County, Texas, and the respondent is the Honorable J. R. "Bobby" Flores. *See id.* R. 52.2.

of a property damage claim filed by the real party in interest, Angelita Cavazos. We conditionally grant the petition for writ of mandamus.

## I.   BACKGROUND

On May 6, 2024, Trisura filed an original petition and claim for declaratory judgment against Cavazos. Trisura alleged that it insured Cavazos's property, which reportedly sustained damage due to inclement weather on April 28, 2023. Cavazos submitted a claim regarding the alleged damage, and after investigation, Trisura determined that there was partial coverage for Cavazos's damages under her insurance policy. Cavazos retained counsel and sent presuit notice and a demand letter to Trisura's adjusters alleging that her claim was improperly adjusted and Trisura's adjusters committed misconduct in handling her claim. Thereafter, Trisura, by and through its third-party claims administrator, Wellington Claim Service, LLC (Wellington), invoked Trisura's right to appraisal under the insurance policy. In its original petition, Trisura thus sought, in relevant part, a declaratory judgment that Cavazos was required to submit her claims to appraisal pursuant to her insurance policy.

On May 30, 2024, Cavazos filed an original answer including affirmative defenses and a counterclaim for declaratory relief. Thereafter, on December 3, 2024, Trisura filed a separate motion to compel appraisal. The insurance policy at issue provides in relevant part that:

8.   **Appraisal.**

If you and we fail to agree on the actual cash value, amount of loss, or cost of repair or replacement, either can make a written demand for appraisal. Each will then select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you

2

or we may request that the choice be made by a judge of a district court of a judicial district where the loss occurred. The two appraisers will then set the amount of loss, stating separately the actual cash value and loss to each item.

If the appraisers fail to agree, they will submit their differences to the umpire. An itemized decision agreed to by any two of these three and filed with us will set the amount of the loss. Such award shall be binding on you and us.

Each party will pay its own appraiser and bear the other expenses of the appraisal and umpire equally.

. . . .

12. **Suit Against Us**. No suit or action can be brought unless the policy provisions have been complied with. Action brought against us must be started within two years and one day after the cause of action accrues.

The "Special Provisions Endorsement" of Cavazos's insurance policy modifies these provisions, in part, but does not affect our analysis of the issue presented in this original proceeding.

On January 3, 2025, Cavazos filed a first amended answer, again including a plea in abatement, affirmative defenses, and a counterclaim for declaratory relief. On January 6, 2025, Cavazos also filed a response in opposition to Trisura's motion to compel appraisal. On January 13, 2025, the trial court denied Trisura's motion to compel appraisal.

This original proceeding ensued. By one issue, Trisura asserts that the trial court abused its discretion by denying its motion to compel appraisal. The Court requested and received a response to the petition for writ of mandamus from Cavazos. Trisura filed a reply thereto. *See* TEX. R. APP. P. 52.4, 52.5, 52.8.

## II. STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

Mandamus relief is appropriate to enforce an appraisal clause because denying the appraisal would vitiate the insurer's right to defend its breach of contract claim. *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d 404, 412 (Tex. 2011) (orig. proceeding); *In re Allstate Cnty. Mut. Ins.*, 85 S.W.3d 193, 196 (Tex. 2002) (orig. proceeding); *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d 876, 882 (Tex. App.—Houston [1st Dist.] 2024, orig. proceeding); *In re Acceptance Indem. Ins.*, 562 S.W.3d 645, 649 (Tex. App.—San Antonio 2018, orig. proceeding); *In re Allstate Vehicle & Prop. Ins.*, 542 S.W.3d 815, 822 (Tex. App.—Beaumont 2018, orig. proceeding) (per curiam); *In re State Farm Lloyds*, 514 S.W.3d 789, 792 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

### III. APPRAISAL

As stated previously, Trisura contends that the trial court abused its discretion by denying its motion to compel appraisal. Cavazos contends otherwise. She explains that on January 6, 2025, during the pendency of this lawsuit, she filed a *separate* lawsuit against Trisura's adjuster Nathan Darrel Smith in cause number CL-24-4357-E in the County Court at Law No. 2 of Hidalgo County, Texas, on grounds that he violated the Texas Insurance Code and the Texas Deceptive Trade Practices Act and breached the duty of good faith and fair dealing in handling her claim. In that separate lawsuit, Cavazos contends that because of Smith's conduct, her "claim was improperly adjusted, inadequately paid, and wrongfully denied." In that case, Cavazos specifies that she is not pursuing a breach of contract claim or seeking policy benefits, and that she is alleging only tort claims against Smith. Cavazos thus argues that the trial court correctly denied appraisal in this case because she has not sued Trisura, and she is not seeking policy benefits.

#### A. Applicable Law

Insurance appraisal clauses "provide a means to resolve disputes about the amount of loss for a covered claim." *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d at 406–07; *see State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009). "Appraisals can provide a less expensive, more efficient alternative to litigation." *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d at 407. Such clauses are "generally enforceable, absent illegality or waiver." *Id.* A trial court has no discretion to ignore a valid appraisal clause. *Johnson*, 290 S.W.3d at 888; *In re SureChoice Underwriters Reciprocal*

*Exch.*, 702 S.W.3d at 881. Appraisals "should generally go forward without preemptive intervention by the courts." *Johnson*, 290 S.W.3d at 895.

## B. Construction

We interpret insurance policies pursuant to the same rules of construction that apply to other contracts. *Dillon Gage Inc. of Dall. v. Certain Underwriters at Lloyds Subscribing to Pol'y No. EE1701590*, 636 S.W.3d 640, 643 (Tex. 2021). "Each insurance policy must be interpreted according to its own specific wording, provisions, and coverages." *Progressive Cnty. Mut. Ins. v. Saldivar*, 712 S.W.3d 691, 694 (Tex. App.—Houston [14th Dist.] 2025, no pet.). Our primary concern is to ascertain the intent of the parties as expressed in the insurance policy. *Kelley-Coppedge, Inc. v. Highlands Ins.*, 980 S.W.2d 462, 464 (Tex. 1998). We determine the parties' intent "by looking only to the four corners of the policy to see what is actually stated" therein. *Certain Underwriters at Lloyd's, London v. Henry Vogt Mach. Co., Inc. by & Through Pendergraft*, 712 S.W.3d 909, 927–28 (Tex. App.—Houston [14th Dist.] 2025, no pet.). We give the terms of the policy their "common, ordinary meaning." *Anadarko Petrol. Corp. v. Hous. Cas. Co.*, 573 S.W.3d 187, 193 (Tex. 2019).

## C. Analysis

Cavazos argues that the trial court correctly denied appraisal because Trisura is not a party to her lawsuit; appraisal is not required when the insurer is neither named in a lawsuit nor exposed to liability; and her lawsuit does not trigger the appraisal process because she is not suing for policy benefits and there is no dispute over the amount of the claimed loss. We disagree with these contentions.

6

Trisura's insurance policy does not require Cavazos to file suit against Trisura for policy benefits before Trisura can invoke appraisal, and the right to invoke appraisal is not vested solely in Cavazos. Specifically, the policy allows "either party" to make a written demand for appraisal, and there is no requirement in the policy for litigation to have ensued before appraisal can take place. Concomitantly, the insurance policy does not limit appraisal to those situations where the insured is proceeding directly against the insurer. Further, the policy provides that either party can make a written demand for appraisal if there is a disagreement as to the "actual cash value, amount of loss, or cost of repair or replacement." When Cavazos sent her presuit demand to Smith, she advised him that he "failed to conduct a thorough inspection or investigation in order to identify covered damage and/or intentionally ignored covered damage." Cavazos further informed Smith that his "investigation only identified and authorized the payment of $6,134.15 in policy benefits on [her] claim under [the policy] for damage to or loss of covered property." Cavazos alleged that the "specific amount owed [by Trisura] . . . for damage to or loss of covered property is $46,173.82." Based on the foregoing, Trisura elected to invoke the appraisal provision in its insurance policy and sought declaratory relief regarding its right to appraisal of Cavazos's claims.

We further note that appraisal may be invoked and enforced even when an insurer denies a claim and there are disputed issues involving coverage. *See Johnson*, 290 S.W.3d at 893 ("Even if the appraisal here turns out to involve not just damage but liability questions, that does not mean appraisal should be prohibited as an initial matter."); *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d at 884 (concluding that appraisal was not precluded where the insurance policy provided for appraisal when the parties "fail

to agree on the amount of loss" and the case presented issues involving coverage); *In re Liberty Ins. Corp.*, 496 S.W.3d 229, 234–35 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied]) (concluding that the insurer's denial of the insurance claim did not amount to a waiver of its right to appraisal). Accordingly, we reject Cavazos's assertion that appraisal was not required in the case at hand.

## C.      Summary

We conclude that the trial court abused its discretion by denying Trisura's motion to compel appraisal, and Trisura lacks an adequate remedy by appeal to address this error. *See In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d at 412; *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d at 882; *In re Acceptance Indem. Ins.*, 562 S.W.3d at 649; *In re Allstate Vehicle & Prop. Ins.*, 542 S.W.3d at 822. We sustain the sole issue presented by Trisura in this original proceeding.

## IV.      CONCLUSION

The Court, having examined and fully considered Trisura's petition for writ of mandamus, Cavazos's response, Trisura's reply, and the applicable law, is of the opinion that Trisura has met its burden to obtain relief. We conditionally grant the petition for writ of mandamus and direct the trial court to: (1) vacate its January 13, 2025 order denying Trisura's motion to compel appraisal; and (2) grant Trisura's motion to compel appraisal. Our writ will issue only if the trial court fails to comply.

JENNY CRON
Justice

Delivered and filed on the
29th day of July, 2025.

8