**Opinion issued June 18, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

### NO. 01-26-00027-CV

————————————

## IN RE ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Real Parties in Interest Raul Hinojosa and Maria Hinojosa ("the Hinojosas") filed suit against Relator Allstate Vehicle and Property Insurance Company after Allstate denied their insurance claim for property damage. Allstate filed a Motion to Compel Appraisal and for Abatement Pending Outcome of Appraisal ("Motion"), which the Hinojosas opposed. The trial court denied Allstate's Motion, as well as

Allstate's Motion for Reconsideration.[1] Allstate seeks a writ of mandamus challenging the trial court's denial of its Motion.

We conditionally grant mandamus relief.

## Background

Allstate issued an insurance policy to the Hinojosas providing coverage for his home ("Policy"). The underlying case involves a lawsuit filed by the Hinojosas for claims arising from Allstate's handling of their property damage claim.[2]

The Hinojosas filed an insurance claim on July 11, 2024, alleging damages to their property resulting from a recent storm. Allstate inspected the Hinojosas' property and later that month advised the Hinojosas that the "covered damages observed did not exceed the [P]olicy's deductible."

The Hinojosas' counsel sent Allstate a pre-suit demand on September 13, stating that they were "willing to participate [in the appraisal process] only as long as [Allstate] invoke[d] and move[d] forward with same on a reasonably expeditious timeframe . . . within seventy-five (75) calendar days from [its] receipt of this letter." The Hinojosas also alleged that Allstate "ha[d] failed to adequately investigate and

---

[1] The trial court denied Allstate's Motion without an order on July 29, 2025, and denied Allstate's Motion for Reconsideration by signed order on December 10, 2025.

[2] The underlying case is styled *Raul Hinojosa and Maria Hinojosa v. Allstate Trust Insurance Company*, Cause No. 2024-83833, pending in the 189th District Court of Harris County, Texas, the Hon. Tamika Craft-Demming presiding.

2

pay the [c]laim, thus failing to abide by [its] obligations under the [P]olicy." The Hinojoas asked for $22,786.70 in damages and $3,850 in attorney's fees.

Allstate responded two weeks later, on September 28, acknowledging the Hinojosas "may be claiming additional damage not originally inspected or reviewed by [its] adjusters" and offering to re-inspect the property. Allstate re-inspected the property, but maintained its decision that the covered damage did not exceed the deductible. In its response, Allstate reserved its rights under the Policy, noting that it was "not waiv[ing] any of its rights or defenses with regard to any potential claims under the policy by any action previously taken or by any action taken in the future."[3]

The Hinojosas filed suit on November 29. Allstate answered on December 30. The answer included a Motion for Abatement, noting Allstate "reserve[d] and d[id] not waive[] its right to invoke the appraisal process," and requesting "to abate th[e] litigation pending outcome of appraisal." Allstate invoked appraisal on January 22, 2025. Allstate reiterated that "[its] invocation of the Appraisal provision [wa]s not a waiver of any Policy provision, term, exclusion, or condition." The next day the Hinojosas' counsel sent an email stating they "[we]re opposed to appraisal."

On May 14, Allstate filed its Motion, requesting that the trial court compel appraisal and abate proceedings pending outcome of the appraisal. Allstate argued it

---

[3]     It is not clear why Allstate referred to itself as "Castle Key" in its response.

"properly invoked the appraisal process" and under the Policy, it was contractually entitled to an appraisal.

The Hinojosas' response argued that Allstate's Motion should be denied because Allstate waived appraisal by not invoking it until January 22, 2025, "more than 4 months" after the Hinojosas "gave [Allstate] notice that [they] w[ere] willing to go through appraisal if invoked by [Allstate] within 75 days" of receipt of the September 13, 2024 notice. The Hinojosas argued "[s]uch conduct waived appraisal, but even if not waived, abatement is discretionary and should be, at minimum, denied." The Hinojosas also alleged prejudice resulting from "litigation carrying costs and attorney time" and "suffering associated with living in an unrepaired home . . . ."

On reply, Allstate argued the Hinojosas' allocation of 75 days for Allstate to respond to their pre-suit notice was "arbitrary." Allstate further argued the four-month delay was not "unreasonable." Allstate noted that in its response to the Hinojosas' pre-suit notice, Allstate "reserve[d] all of its rights" and argued that such language included its right to appraisal. Allstate also argued that no prejudice had been established.

The trial court denied Allstate's Motion. Allstate filed a Motion for Reconsideration explaining that appraisal was "a condition precedent to [the Hinojosas'] right to bring suit" and that Allstate had not waived its right to appraisal.

4

Allstate argued that "[t]he [trial] [c]ourt's refusal to enforce appraisal deprive[d] Allstate of its defenses against [the Hinojosas'] breach of contract claims." In response, the Hinojosas again argued that Allstate "failed to timely invoke appraisal within the 75-day window demanded by [their] notice letter," prompting Allstate's repeated reply that the Policy was void of "any deadline for invoking appraisal." The trial court denied reconsideration.

## Standard of Review

Mandamus is an extraordinary remedy that is available only in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). To secure mandamus relief, a relator must establish that (1) the trial court committed a clear abuse of discretion or violated a duty imposed by law, and (2) there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law." *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (internal quotation marks and citations omitted).

Mandamus will not issue when there is a clear and adequate remedy at law. *Walker*, 827 S.W.2d at 840 (quotation marks and citation omitted). We review the adequacy of an appellate remedy by balancing the benefits of mandamus review

5

against its detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). We consider whether mandamus will "preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare [the litigants] and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Prudential Ins.*, 148 S.W.3d at 136. An appellate remedy is not inadequate merely because it may result in more expense or delay than obtaining a writ. *Walker*, 827 S.W.2d at 842.

## Motion to Compel Appraisal

Appraisal clauses, commonly found in homeowners' insurance policies, "provide a means to resolve disputes about the amount of loss for a covered claim." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 406–07 (Tex. 2011) (orig. proceeding). "Appraisals can provide a less expensive, more efficient alternative to litigation," and they "should generally go forward without preemptive intervention by the courts." *Id.* (quoting *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009)). Trial courts have no discretion to ignore a valid appraisal clause. *Johnson*, 290 S.W.3d at 888 (holding that "appraisals should generally go forward without preemptive intervention by the courts"); *see also In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 559 (Tex. App.—Houston [14th Dist.] 2010)

(orig. proceeding) ("Where an insurance contract mandates appraisal to resolve the parties' dispute regarding the value of a loss, and the appraisal provision has not been waived, a trial court abuses its discretion and misapplies the law by refusing to enforce the appraisal provision."). Absent illegality or waiver, appraisal clauses are generally enforceable. *In re Universal Underwriters of Tex.*, 345 S.W.3d at 407.

A trial court's abuse of discretion in failing to enforce an appraisal clause cannot be remedied by appeal. *See id.* at 412–13; *see also In re Liberty Ins. Corp.*, 496 S.W.3d 229, 235 (Tex. App.—Houston [1st Dist.] 2016) (orig. proceeding (holding that trial court abused discretion by refusing to enforce valid appraisal clause and appellate remedy not adequate to correct error).

Allstate argues the trial court abused its discretion by denying its Motion because it has a contractual right to appraisal and never waived its right. The Hinojosas respond that Allstate is not entitled to an appraisal because Allstate waived its appraisal rights due to the delay in demanding appraisal.

### 1.      *Allstate has a contractual right to appraisal*

Section I Conditions of the Policy has an appraisal clause:

8. Appraisal

If you [the Hinojosas] and we [Allstate] fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party shall select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and

7

impartial umpire. If the appraisers are unable to agree upon an umpire then an umpire will be appointed in the following manner:

a) You [the Hinojosas] or we [Allstate] will request the American Arbitration Association (AAA) to select an umpire[.]

. . . .

The same section explains that Allstate could move for appraisal either before

or after a suit was filed:

13. Action Against Us

No one may bring an action against us [Allstate] in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which Section I Conditions applies, unless:

a) there has been full compliance with all policy terms; and

. . . .

d) If after we [Allstate] receive your [the Hinojosas'] proof of loss . . . you [the Hinojosas] and we [Allstate] are still not able to agree on the amount of loss, then either party may make a written demand for an appraisal, as described in Section I Conditions, Appraisal. If this demand for appraisal is made before an action is filed against us in a court of competent jurisdiction, then the appraisal must occur before a suit can be filed against us [Allstate]. If the demand for appraisal is made after an action has been filed against us in a court of competent jurisdiction, then the parties agree to ask the court to abate the further proceeding of that action until the appraisal is completed and a determination of the amount of loss is made as described in Section I Conditions, Appraisal.

Allstate thus has a contractual right to appraisal and appraisal.

2. *Allstate did not waive its appraisal rights by not invoking appraisal earlier and prejudice has not been established*

The Hinojosas argue that Allstate waived appraisal by not invoking appraisal

until four months after the Hinojosas unilaterally set a seventy-five-day deadline.

Waiver requires intent, "either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *In re Universal Underwriters of Tex.*, 345 S.W.3d at 407 (quoting *In re Gen. Elec. Capital Corp.,* 203 S.W.3d 314, 316 (Tex. 2006)). To waive appraisal, "the acts relied on must be such as are reasonably calculated to induce the assured to believe that a compliance by him with the terms and requirements of the policy is not desired, or would be of no effect if performed. The acts relied on must amount to a denial of liability, or a refusal to pay the loss." *In re Liberty Ins.*, 496 S.W.3d at 232 (quoting *In re Universal Underwriters of Tex.*, 345 S.W.3d at 407). Ordinarily, waiver is a question of fact, but when the facts are admitted or clearly established, waiver is a question of law. *Id.* at 233. The party challenging the right to appraisal bears the burden of establishing waiver. *In re State Farm Lloyds*, 514 S.W.3d 789, 792 (Tex. App.—Houston [14th Dist.] 2017) (orig. proceeding).

Nothing in the Policy here provides a deadline for invoking appraisal. The Hinojosas argue, but have not demonstrated, that the timing of Allstate's demand for appraisal was unreasonable. *See In re Am. Zurich Ins. Co.*, No. 01-25-00580-CV, 2025 WL 3236300, at *7 (Tex. App.—Houston [1st Dist.] Nov. 20, 2025, no pet.) (rejecting argument that 15-month delay in invoking appraisal constituted waiver).

In their pre-suit notice, besides offering to participate in the appraisal process, the Hinojosas alleged that Allstate failed to adequately investigate and pay their

claim. Allstate responded accordingly to the Hinojosas' allegation by suggesting re-inspection and later re-inspecting the property. The record thus reflects that the parties continued to communicate about the claim after the Hinojosas' pre-suit notice.

The Hinojosas' reliance on the assertion that "appraisal is intended to take place before suit is filed[,]" is unavailing as it does not imply the failure to invoke appraisal before the suit waives appraisal. *See Johnson*, 290 S.W.3d at 894. Allstate officially invoked its appraisal rights less than a month after filing its answer and less than two months after suit was filed. That is not an unreasonable delay or conduct inconsistent with Allstate's appraisal rights. *See In re Universal Underwriters of Tex.*, 345 S.W.3d at 410 (finding no waiver where insurer sought appraisal one month after suit was filed); *see also In re Liberty Ins.*, 496 S.W.3d at 235 (granting mandamus relief where insurer invoked appraisal after suit filed and after parties participated in mediation); *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d 876, 878 (Tex. App.—Houston [1st Dist.] 2024, no pet.) (rejecting argument that relator waived right to appraisal by not invoking appraisal until after suit was filed and four months after demand). We also note that Allstate reserved its rights on two separate occasions before invoking appraisal: in its response to the Hinojosas' pre-suit notice, and in its answer.

Even if Allstate had unreasonably delayed, "mere delay is not enough to find waiver; a party must show that it has been prejudiced." *In re Universal Underwriters of Tex.*, 345 S.W.3d at 411. The Hinojosas allege that they were prejudiced because they "incurred litigation expenses, endured prolonged unrepaired storm damage, and were forced into judicial proceedings that appraisal is intended to avoid."

The Hinojosas compare their case to *In re Allstate Vehicle & Property Insurance Co.*, 549 S.W.3d 881 (Tex. App.—Fort Worth 2018, no pet.), which found prejudice. We find that case distinguishable. There, the insurer moved to compel a seventh inspection of the property for the express purpose of litigation, expressed intent to go to trial, and the insured already incurred trial expenses and attorney's fees in preparing for trial. *Id.* at 893. Further, by the time the insurer invoked appraisal, the roof damage was more than two and a half years old and storms since then had exacerbated the roof damage, making it impossible for an appraiser to determine which damage was caused by which storm. *Id.*

That is clearly not the case here. There is no indication of subsequent storms or any events that contributed to the Hinojosas' roof damage. Additionally, the record does not reflect any similar signs of intent by Allstate to go to trial. In fact, Allstate invoked appraisal less than a month after filing its answer, quite early in litigation stages of the case. *See In re QBE Specialty Ins. Co.*, No. 01-19-00164-CV, 2020 WL 6140180, at *7-8 (Tex. App.—Houston [1st Dist.] Oct. 20, 2020, no pet.)

11

(distinguishing from *In re Allstate Vehicle & Prop. Ins. Co.*, finding no prejudice, and noting that "although the parties have exchanged written discovery, the record lacks any indication the parties have engaged in expert discovery, depositions or any other pre-trial activities that reflect they are actively getting ready for trial").

This case is akin to *In re Universal Underwriters of Texas*, which held that "it [wa]s difficult to see how prejudice could ever be shown when the policy . . . gives both sides the same opportunity to demand appraisal[,]" reasoning that when plaintiffs sense that an impasse has been reached, they can avoid prejudice by demanding appraisal themselves. 345 S.W.3d at 412, *quoted in In re Am. Zurich Ins. Co.*, No. 2025 WL 3236300, at *8. Here too, the Policy provided that "either party may make a written demand for an appraisal," affording the Hinojosas the right to invoke appraisal and undermining their prejudice claim. Allstate has thus demonstrated that the trial court abused its discretion in denying the Motion.

Further, mandamus relief is appropriate on the issue of appraisal because Allstate lacks an adequate appellate remedy. Refusal to enforce an appraisal clause is an abuse of discretion that cannot be remedied by appeal. *Id.* ("[M]andamus relief is appropriate to enforce an appraisal clause because denying the appraisal would vitiate the insurer's right to defend its breach of contract claim.") (citation omitted); *see In re Liberty Ins.*, 496 S.W.3d at 235 ("We conclude that the trial court abused

its discretion by denying [the insurer's] motion to compel appraisal and that [the insurer] has no adequate appellate remedy to correct this error.").

## Abatement

In denying Allstate's Motion, the trial court denied Allstate's request for abatement pending appraisal. Given the trial court's denial of Allstate's request to compel appraisal, there was no need to consider the necessity of abatement during appraisal. Given our conditional grant of mandamus relief to compel appraisal, Allstate may re-urge in the trial court its request for abatement pending the appraisal process.

## Conclusion

We withdraw the stay issued on January 16, 2026, and conditionally grant mandamus relief as to Allstate's request to compel appraisal. We direct the trial court to (1) vacate its July 29, 2025 ruling denying Allstate's Motion; and (2) order the parties to engage in the appraisal process. The writ will issue only if the trial court fails to do so.

Clint Morgan
Justice

Panel consists of Justices Guerra, Gunn, and Morgan.